**NUECES COUNTY, Appellant,**

v.

**NUECES COUNTY CIVIL SERVICE COMMISSION, Appellee.**

No. 13–95–025–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 12, 1995.

Walter D. Bryan, Assistant County Attorney, Carl Lewis, County Attorney, Sandra Garcia Huhn, Assistant County Attorney, Corpus Christi, for appellant.

David L. Perry, Perry & Haas, Corpus Christi, Denice Smith, Perry & Haas, L.L.P., Houston, Mikal Watts, Perry & Haas, Corpus Christi, for appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

This cause comes to us on appeal from the district court's order of dismissal for want of jurisdiction. Appellant's sole point of error is that the district court erred in dismissing this cause. We REVERSE and REMAND.

The background of the controversy involves a disgruntled employee who had been reassigned by the Sheriff. The employee filed a grievance with the Nueces County Civil Service Commission alleging racial discrimination and that the reassignment was retaliatory in nature. At the Commission's hearing on the grievance, appellant argued that the Commission was without statutory authority to hear a grievance concerning reassignments. The Commission disagreed and proceeded with the hearing at which both sides offered testimony. They ruled that the employee should be temporarily reinstated to his previous position for six months at which time the reassignment could be reconsidered. Appellant, Nueces County, filed this collateral attack against the Commission alleging that the Commission exceeded their statutorily granted authority in

hearing this grievance. Appellant sought and received a temporary injunction to the Commission's order. The Commission moved for dismissal for want of jurisdiction alleging that governmental entities are not granted a statutory right to appeal the Commission's decisions. The court dismissed the action and dissolved the injunction. Nueces County now appeals.

The Texas legislature has authorized county governments to create civil service commissions. *See generally* Tex.Local Gov't Code Ann. § 158.001–.015 (Vernon 1995). The legislature has also set forth the various powers of the Commission, Tex.Local Gov't Code § 158.009 (Vernon 1995), and provided a right of appeal to the employee. Tex.Local Gov't Code § 158.012. The Code is silent as to the County's right of appeal. Id. Further, it has not provided for any remedies when a party believes the Commission does not have the authority to hear a grievance.

■ The issue on appeal is not, as both parties stipulate, an appeal of an unfavorable administrative order against the appellant. Rather, the issue on appeal is whether the district court has jurisdiction to hear a collateral attack by a governmental entity on a county administrative agency's allegedly illegal actions. As such, appellant's reliance on case law pertaining to appellate procedure of administrative orders to establish the court's jurisdiction is misguided.

■ The general rule in Texas is that courts do not interfere in statutorily conferred duties and functions of an administrative agency. *Westheimer Independent Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex. 1978). However, courts can intervene in administrative proceedings when an agency is exercising authority beyond its statutorily conferred powers. *Id; Gulf States Util. v. Coalition of Cities*, 883 S.W.2d 739, 743 n. 4 (Tex.App.—Austin 1994, no writ). In so doing, courts can provide declaratory or injunctive relief in these collateral attacks. *Gulf States Util.*, 883 S.W.2d at 744 n. 5.

In *Westheimer,* an independent school district sought an injunction prohibiting the Commissioner of Education from hearing questions concerning the district's creation pursuant to a final order from the State Board of Education. *Westheimer Independent Sch. Dist.*, 567 S.W.2d at 784. The injunction was granted because the Commissioner did not have the statutory authority to review a final order of the State Board of Education. *Id.* The court determined that injunctive relief is appropriate when an administrative agency exercises authority beyond that statutorily conferred on them. *Id.* at 785.

Appellant alleged in the trial court, and contends here, that the Commission exercised authority beyond that which has been statutorily conferred on them. In particular, appellant argues that the Commission did not have authority to hear a grievance concerning the reassignment of a Sheriff's office employee. The Commission filed a plea to the jurisdiction and sought dismissal of the lawsuit by contending that the Code did not provide a right of appeal to the County from the Commission's final decision. The trial court, without determining whether the Commission had acted within its authority, granted the Commission's plea to the jurisdiction, dismissed the lawsuit and dissolved the stay order. We find that appellant has the right to judicial review to determine if the Commission has in fact exceeded its authority. The trial court, therefore, erred in dismissing the County's lawsuit.

Accordingly, we sustain appellant's sole point of error.

The order dismissing this cause for want of jurisdiction is VACATED and this cause is REMANDED to the trial court for further proceedings not inconsistent with this opinion.