Opinion issued October 10, 2002







 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00822-CV






HANK C. SHEPPARD, Appellant


V.


TOMMY THOMAS, SHERIFF OF HARRIS COUNTY, TEXAS, Appellee






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 1998-46019






O P I N I O N


 Appellant, Hank Sheppard, brings this appeal from the trial court's denial of
a petition for writ of mandamus. Appellant requested an order demanding that he be
reinstated to his former position as a Sheriff's deputy without having to complete a
physical-ability test, required by a policy of the Harris County Sheriff's Department
(the Department). In three points of error, appellant argues that: (1) the court of
appeals has jurisdiction to hear the case; (2) the Harris County Sheriff's Department
may not unilaterally impose conditions on the orders rendered by the Civil Service
Commission; and (3) the Fourteenth Amendment entitles appellant to equal protection
under the law. We reverse. 

Facts


 Appellant was terminated by the Sheriff's Department on May 12, 1997. 
Appellant appealed his job termination to Harris County Sheriff Tommy Thomas,
who denied relief. Appellant then perfected an appeal to the Department's Civil
Service Commission (the Commission). 

 Following a hearing on August 4, 1998, the Commission decided that appellant
should be "reinstated to his former rank as a deputy, with seniority and benefits but
no reimbursement of back wages." The Commission memorialized its decision in
writing on August 10, 1998. 

 Sheriff Thomas agreed to comply with the Commission's order to reinstate
appellant; however, because appellant had been absent from active service for over
fifteen weeks, the Department policy mandated the completion of a series of tests
including a substance-abuse test, firearms qualification, medical testing, and
"additional specialized" training to determine fitness for duty and proficiency. 

 After the Commission's order to reinstate appellant, but before he returned to
work, appellant completed a questionnaire regarding his history and background. He
signed a release for a background investigation. Appellant was tested for substance
abuse and passed his firearms-qualification test. Appellant also signed an agreement
with the Department to complete its testing procedures.

 Appearing before the Commission again on August 25, 1998, (1) appellant sought
to quash the Department's requirement that he complete a physical-ability test before
returning to active duty. The physical-ability test consisted of four phases, including
an isometric arm lift, a torso lift test, a long jump, and a 1.5-mile run. On September
18, 1998, the Commission granted appellant's request and ordered that the
Department reinstate him without completing the required physical-ability test. 

 On September 28, 1998, Sheriff Thomas, in a letter to the Commission, 
declined to follow the Order quashing the Department's required physical ability test. 
Appellant then filed a petition for writ of mandamus in the district court to compel
Sheriff Thomas to co (2)mply with the Commission's order. The court held a hearing
on the merits of appellant's petition on January 11, 1999. Without issuing a written
order, the court denied the relief sought by appellant. 

 On February 5, 1999, appellant filed a motion for new trial, followed by a
notice of appeal on April 6, 1999. Appellant then filed a "Motion for Re-Hearing for
Petition for Writ of Mandamus" on September 13, 1999. The district court signed a
final judgment denying the relief sought by appellant on October 6, 1999. On
October 26, 1999, appellant filed a motion for new trial. 

 On August 20, 2001, the district court held a status conference to determine
whether the court order signed on October 6, 1999, was a final judgment. (3) The court
held that the order was final and appellant then filed another notice of appeal on
September 5, 2001. 

Premature Filing

 In point of error one, appellant argues that the Court of Appeals has jurisdiction
to hear this case. Despite his premature filing, and pursuant to the Rules of Appellate
Procedure, appellant urges that he has perfected an appeal. We agree.

 Appellant filed a motion for new trial on February 5, 1999, following the
district court's hearing and subsequent decision to deny relief. On April 6, 1999,
appellant filed a notice of appeal. A final order denying the relief originally sought
by appellant was not confirmed by the trial court until August 20, 2001. The trial
court indicated its decision by writing on the face of the order, "this is a final
judgment. This is not a partial judgment." 

 Although its origins are obscure and its rationale has varied over time, the
general rule, with a few mostly statutory exceptions, is that an appeal may be taken
only from a final judgment. Lehmann v. Har-Con Corp, 39 S.W.3d 191, 195, (Tex.
2001). A judgment is final for purposes of appeal if it disposes of all pending parties
and claims in the record, except as necessary to carry out the decree. Id. In an
attempt to construe appellant's effort broadly, we hold his filing is a premature filing
within the scope of Texas Rule of Appellate Procedure 27.1. Tex. R. App. P. 27.1. 
A premature filing of the notice of appeal is effective and deemed filed on the day of,
but after, the event that begins the period for perfecting the appeal. Id. Accordingly,
we hold that appellant has perfected his appeal from the final judgment, and this
Court has jurisdiction to consider his appeal. 

 We sustain point of error one.

Denial of Petition for Writ of Mandamus

 In point of error two, appellant argues that the trial court erred by denying his
petition for writ of mandamus. Specifically, appellant is seeking to enforce the
Commission's two previous orders for reinstatement without having to complete the
Department's required physical test. 

 We may grant mandamus relief to correct a trial court's clear abuse of
discretion. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses
its discretion if its decision is so arbitrary and unreasonable as to amount to a clear
and prejudicial error of law. Id. We give great deference to a trial court's
determination of factual matters; our review of a court's determination of legal
principles is much less deferential. Id. at 839-40. A clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion. Id. at 840.

 The general rule in Texas is that courts do not interfere with statutorily
conferred duties and functions of an administrative agency. Nueces County v. Nueces
County Civil Serv. Comm'n, 909 S.W.2d 597, 598 (Tex. App.--Corpus Christi 1995,
no pet.) (quoting Westheimer Indep. Sch. Dist. v. Brockette, 567 S.W.2d 780, 785
(Tex. 1978)). However, courts can intervene in administrative proceedings when an
agency is exercising authority beyond its statutorily conferred powers. Id. 

 In Nueces County, the county brought suit against the Civil Service
Commission alleging that the Commission exercised authority beyond that which had
been statutorily conferred. Id. The county argued that the Commission did not have
authority to hear a grievance concerning the reassignment of a Sheriff's office
employee. Reversing the trial court, the Court of Appeals held that the county had
the right to judicial review to determine if the Commission had, in fact, exceeded its
authority. Id. 

 Here, Sheriff Thomas made his own extrajudicial determination that the
Commission had exercised authority beyond that which had been statutorily
conferred. In a letter addressed to the Commission, Sheriff Thomas wrote, "[N]either
State law nor the Civil Service Regulations confers upon the Commission any
authority to dictate the testing standards the Department may apply before reinstating
an employee after an extended absence, and it may be argued that in the matter of Mr.
Sheppard [appellant] the Commission, in 'quashing' the physical ability test,
committed an ultra vires act." According to Nueces County, however, the proper
venue for such a decision is an appeal timely filed in district court. Because Sheriff
Thomas did not properly bring his argument before the district court, we cannot grant
him relief that he has not requested. See Bankler v. Vale, 75 S.W.3d 29, 32 (Tex.
App.--San Antonio 2001, no pet.) (noting that trial court may not grant a party relief
not requested in pleadings); see also Bilderback v. Priestley, 709 S.W.2d 736, 743
(Tex. App.--San Antonio 1986, writ ref'd n.r.e.) (stating trial court judgment must
conform to pleadings and that judgment is fatally defective when rendered without
pleadings to support it). 

 Absent an affirmative pleading by Sheriff Thomas to disregard the
Commission's order, we must conform the trial court's decision to reflect the
Commission's order--that appellant be reinstated without being required to
successfully complete the physical ability test. Therefore, we hold that the trial
court's decision to conditionally grant appellant's petition for writ of mandamus is
a clear failure to analyze or apply the law correctly and constitutes an abuse of
discretion. Further, we hold that appellant's petition for writ of mandamus should be
granted in its entirety. 

 We sustain point of error two. Because we sustain point of error two, we do
not reach point of error three. 

Conclusion

 We reverse the trial court's judgment and remand with instructions to the trial
court to grant the writ unconditionally. 

 

 Frank C. Price

 Justice


Panel consists of Justices Taft, Alcala, and Price. (4)

Publish. Tex. R. App. P. 47.
1. Appellant was scheduled to complete the physical ability test on August 28,
1998. 
2. 
3. Appellant unsuccessfully attempted to appeal the trial court's decision in
January 11, 1999, but the district clerk denied the appeal because it was
reported that the trial court's decision resulted in a partial judgment. 
4. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.