**CITY OF HOUSTON, Appellant,**

v.

**Joseph A. BUTTITTA, Appellee.**

**No. 01–07–00323–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 4, 2008.

Timothy J. Higley, City of Houston Legal Department, Senior Assistant City Attorney, Houston, TX, for Appellant.

Robert A. Armbruster, Houston Police Officers' Union, Houston, TX, for Appellee.

Panel consists of Justices ALCALA, HANKS, HIGLEY.

## OPINION ON REHEARING

GEORGE C. HANKS, JR., Justice.

We withdraw our opinion and judgment issued July 17, 2008, and issue the following opinion and new judgment instead. We deny the City of Houston's motion for rehearing en banc as moot.

The City appeals the trial court's order granting the plea to its jurisdiction. The City contends that the trial court erred in granting the plea because the City's pleadings sufficiently set out facts establishing jurisdiction under the Declaratory Judgment Act. According to the City, it did not ask the trial court to issue a declaratory judgment that a decision by the Police Officers' Civil Service Commission (the "Commission") to request a memo regarding misconduct be removed from an officer's permanent personnel file was *wrong*. Instead, the City contends that its request for declaratory relief asked the Court to declare that the Commission's decision should be overturned *because the Commission never had the jurisdiction to issue such an order in the first place*. In essence, the City seeks a declaration from the district court as to the scope and effect of the Commission's decision. Because the City's pleadings sufficiently set out facts establishing jurisdiction under the Declaratory Judgment Act, we reverse and remand.

## Background

In 2006, an investigation conducted by the Houston Police Department ("HPD") determined that officer Joseph A. Buttitta had engaged in conduct that violated various HPD policies. In lieu of other disciplinary action, the City accepted Buttitta's request to receive a voluntary two-level demotion. A letter from the chief of police explaining Buttitta's misconduct and demotion was prepared and placed in Buttitta's permanent personnel file, pursuant to Local Government Code section 143.089.[1] Buttitta filed a motion with the Police Officers' Civil Service Commission ("Commission"), requesting that the letter be removed from his personnel file. After hearing oral argument on the motion, the Commission granted Buttitta's request and ordered that the letter be removed from his personnel file. The letter was removed and returned to the chief of police, who, after consultation with the City's legal department, directed that the letter be placed back in Buttitta's file.

Due to the controversy as to whether the letter should be placed in Buttitta's file, the City filed a petition in district court requesting a declaration that (1) the Commission did not have jurisdiction to order that the letter be removed and (2) the letter be returned to Buttitta's file. Buttitta filed a plea to the court's jurisdiction. The court granted Buttitta's plea and the City's petition was dismissed. The City now appeals.

## Plea to the Jurisdiction

In its sole issue, the City complains that the trial court improperly granted Buttitta's plea to the jurisdiction. Specifically, the City argues that its petition set out sufficient factual allegations to establish jurisdiction under the Declaratory Judgment Act.

### Standard of Review

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits should never be reached. *Id.*

Because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex.2004). We must look to

---

1. Tex. Loc. Gov't Code Ann. § 143.089 (Vernon 2008).

the allegations in the pleadings, construe them in the plaintiff's favor, and look to the pleader's intent. *See County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002). In doing so, we consider the facts alleged in the petition, and to the extent relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court. *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001).

▮ The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction and the defect is incurable, then the cause is properly dismissed. *Peek v. Equip. Serv. Co. of San Antonio,* 779 S.W.2d 802, 805 (Tex.1989). However, when the plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Brown,* 80 S.W.3d at 555.

### Analysis

▮ The City contends that its petition sufficiently alleged facts establishing questions of statutory construction regarding the rights, status, and legal relations of the parties, specifically about whether the Commission's order is legal and enforceable and whether the letter must be removed from Buttitta's personnel file. According to the City, it showed that there is a substantial justiciable controversy between the parties that involves a genuine conflict of tangible interests. *See Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995). Therefore, the City concludes that it has pled facts that fall within the scope of the Declaratory Judgment Act ("DJA")[2] and establish the trial court's jurisdiction to hear the case.

▮ It is well settled that the DJA is not a grant of jurisdiction, but "merely a procedural device for deciding cases already within a court's jurisdiction." *Chenault v. Phillips,* 914 S.W.2d 140, 141 (Tex.1996) (quoting *State v. Morales,* 869 S.W.2d 941, 947 (Tex.1994)); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 37.003 (Vernon 1997) ("A court of record *within its jurisdiction* has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.") (emphasis added). Regardless of whether the petitioner established a controversy resolvable under the DJA, a court must first have subject matter jurisdiction before it can render a declaratory judgment. *See County of Galveston v. Tolle,* 176 S.W.3d 859, 862 (Tex.App.-Houston [1st Dist.] 2005, pet. denied).

We hold that the dispute over the scope and effect of the Commission's decision is a justiciable controversy over which the district court would have had proper subject matter jurisdiction. *See, e.g., Nueces County v. Nueces County Civil Serv. Comm'n,* 909 S.W.2d 597 (Tex.App.-Corpus Christi 1995, no writ). *Nueces County* stands for the proposition that courts may issue declaratory judgments as to the scope and authority of administrative agencies, even if the right to an appeal from an agency decision is in doubt. *Id.* at

---

**2.** Under the DJA, "[a] person ... whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM.CODE ANN. § 37.004(a) (Vernon Supp.2008).

598. *See also Sheppard v. Thomas,* 101 S.W.3d 577, 582–83 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (citing *Nueces County* as the type of case in which a sheriff or police chief could seek a district court's determination that a commission ruling was ultra vires).

### Conclusion

We reverse the judgment of the trial court, and remand this case for further proceedings.