Opinion issued December 4, 2008
     

















In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00323-CV




CITY OF HOUSTON, Appellant

V.

JOSEPH A. BUTTITTA, Appellee




On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2006-63568




OPINION ON REHEARING
          We withdraw our opinion and judgment issued July 17, 2008, and issue the
following opinion and new judgment instead. We deny the City of Houston’s motion
for rehearing en banc as moot.
          The City appeals the trial court’s order granting the plea to its jurisdiction. The
City contends that the trial court erred in granting the plea because the City’s
pleadings sufficiently set out facts establishing jurisdiction under the Declaratory
Judgment Act. According to the City, it did not ask the trial court to issue a
declaratory judgment that a decision by the Police Officers’ Civil Service
Commission (the “Commission”) to request a memo regarding misconduct be
removed from an officer’s permanent personnel file was wrong. Instead, the City
contends that its request for declaratory relief asked the Court to declare that the
Commission’s decision should be overturned because the Commission never had the
jurisdiction to issue such an order in the first place. In essence, the City seeks a
declaration from the district court as to the scope and effect of the Commission’s
decision. Because the City’s pleadings sufficiently set out facts establishing
jurisdiction under the Declaratory Judgment Act, we reverse and remand.       Background
          In 2006, an investigation conducted by the Houston Police Department
(“HPD”) determined that officer Joseph A. Buttitta had engaged in conduct that
violated various HPD policies. In lieu of other disciplinary action, the City accepted
Buttitta’s request to receive a voluntary two-level demotion. A letter from the chief
of police explaining Buttitta’s misconduct and demotion was prepared and placed in
Buttitta’s permanent personnel file, pursuant to Local Government Code section
143.089.


 Buttitta filed a motion with the Police Officers’ Civil Service Commission
(“Commission”), requesting that the letter be removed from his personnel file. After
hearing oral argument on the motion, the Commission granted Buttitta’s request and
ordered that the letter be removed from his personnel file. The letter was removed
and returned to the chief of police, who, after consultation with the City’s legal
department, directed that the letter be placed back in Buttitta’s file. 
          Due to the controversy as to whether the letter should be placed in Buttitta’s
file, the City filed a petition in district court requesting a declaration that (1) the
Commission did not have jurisdiction to order that the letter be removed and (2) the
letter be returned to Buttitta’s file. Buttitta filed a plea to the court’s jurisdiction. 
The court granted Buttitta’s plea and the City’s petition was dismissed. The City now
appeals.
Plea to the Jurisdiction
          In its sole issue, the City complains that the trial court improperly granted
Buttitta’s plea to the jurisdiction. Specifically, the City argues that its petition set out
sufficient factual allegations to establish jurisdiction under the Declaratory Judgment
Act. 
Standard of Review
          A plea to the jurisdiction is a dilatory plea by which a party challenges a court’s
authority to determine the subject matter of the action. Bland ISD v. Blue, 34 S.W.3d
547, 554 (Tex. 2000). The purpose of a dilatory plea is not to force the plaintiffs to
preview their case on the merits but to establish a reason why the merits should never
be reached. Id. 
          Because the question of subject matter jurisdiction is a legal question, we
review the trial court’s ruling on a plea to the jurisdiction under a de novo standard
of review. Hoff v. Nueces County, 153 S.W.3d 45, 48 (Tex. 2004). We must look to
the allegations in the pleadings, construe them in the plaintiff’s favor, and look to the
pleader’s intent. See County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). 
In doing so, we consider the facts alleged in the petition, and to the extent relevant
to the jurisdictional issue, any evidence submitted by the parties to the trial court. 
Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001). 
          The plaintiff bears the burden to allege facts affirmatively demonstrating the
trial court’s jurisdiction to hear a case. See Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993). If a plaintiff pleads facts that affirmatively
demonstrate an absence of jurisdiction and the defect is incurable, then the cause is
properly dismissed. Peek v. Equip. Serv. Co. of San Antonio, 779 S.W.2d 802, 805
(Tex. 1989). However, when the plaintiff fails to plead facts that establish
jurisdiction, but the petition does not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be
afforded the opportunity to amend. Brown, 80 S.W.3d at 555.
Analysis
          The City contends that its petition sufficiently alleged facts establishing
questions of statutory construction regarding the rights, status, and legal relations of
the parties, specifically about whether the Commission’s order is legal and
enforceable and whether the letter must be removed from Buttitta’s personnel file. 
According to the City, it showed that there is a substantial justiciable controversy
between the parties that involves a genuine conflict of tangible interests. See Bonham
State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995). Therefore, the City
concludes that it has pled facts that fall within the scope of the Declaratory Judgment
Act (“DJA”)


 and establish the trial court’s jurisdiction to hear the case. 
          It is well settled that the DJA is not a grant of jurisdiction, but “merely a
procedural device for deciding cases already within a court’s jurisdiction.” Chenault
v. Phillips, 914 S.W.2d 140, 141 (Tex. 1996) (quoting State v. Morales, 869 S.W.2d
941, 947 (Tex. 1994)); see also Tex. Civ. Prac. & Rem. Code Ann. § 37.003
(Vernon 1997) (“A court of record within its jurisdiction has power to declare rights,
status, and other legal relations whether or not further relief is or could be claimed.”)
(emphasis added). Regardless of whether the petitioner established a controversy
resolvable under the DJA, a court must first have subject matter jurisdiction before
it can render a declaratory judgment. See County of Galveston v. Tolle, 176 S.W.3d
859, 862 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).  
          We hold that the dispute over the scope and effect of the Commission’s
decision is a justiciable controversy over which the district court would have had
proper subject matter jurisdiction. See, e.g., Nueces County v. Nueces County Civil
Serv. Comm’n, 909 S.W.2d 597 (Tex. App.—Corpus Christi 1995, no writ). Nueces
County stands for the proposition that courts may issue declaratory judgments as to
the scope and authority of administrative agencies, even if the right to an appeal from
an agency decision is in doubt. Id. at 598. See also Sheppard v. Thomas, 101 S.W.3d
577, 582–83 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citing Nueces
County as the type of case in which a sheriff or police chief could seek a district
court’s determination that a commission ruling was ultra vires).
Conclusion
          We reverse the judgment of the trial court, and remand this case for further
proceedings. 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Alcala, Hanks, Higley.