**Hank C. SHEPPARD, Appellant,**

v.

**Tommy THOMAS, Sheriff of Harris County, Texas, Appellee.**

No. 01–01–00822–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 2003.

As Corrected Feb. 13, 2003.

1992, dism'd as moot).

Fred A. Keys, Jr., Houston, for appellant.

Michael R. Hull, Asst. County Atty., for appellee.

Panel consists of Justices TAFT,

ALCALA, and PRICE.*

## OPINION ON MOTION FOR REHEARING

FRANK C. PRICE, Justice (Assigned).

In this appeal, we must determine whether Sheriff Thomas may disregard an order rendered by the Harris County Civil Service Commission. We deny Sheriff Thomas's motion for rehearing, but withdraw our opinion and judgment dated October 10, 2002, and substitute a new opinion and judgment in their stead.

Appellant, Hank C. Sheppard, brings this appeal from the district court's judgment denying Sheppard's petition for writ of mandamus. Sheppard requested a writ of mandamus compelling Tommy Thomas, the Sheriff of Harris County, to reinstate Sheppard to his former position as a sheriff's deputy without Sheppard having to complete the physical-ability test required by Harris County Sheriff's Department policy. In three points of error, Sheppard argues that: (1) the notice of appeal was timely filed; (2) the Harris County Sheriff's Department (Department) is required to carry out orders rendered by the Civil Service Commission; and (3) the Fourteenth Amendment entitles Sheppard to equal protection under the law. We reverse and render.

### Facts

Sheppard was terminated by the Department on May 12, 1997. Following Department regulations, Sheppard appealed his job termination to Sheriff Thomas, who denied relief. Sheppard then perfected an appeal to the Department's Civil Service Commission (the Commission). Local Government Code section 158.034 sets

forth the authority to create the Commission. TEX. LOC. GOV'T CODE ANN. § 158.034 (Vernon 1999).

Following a hearing on August 4, 1998, the Commission decided that Sheppard should be "reinstated to his former rank as a deputy, with seniority and benefits but no reimbursement of back wages." The Commission issued a written opinion on August 10, 1998.

Sheriff Thomas agreed to comply with the Commission's order to reinstate Sheppard; however, because Sheppard had been absent from active service for over 15 weeks, Department policy mandated that he complete a series of tests for substance-abuse, firearms qualification, health, and "additional specialized" training to determine his fitness for duty and proficiency.

After the Commission's order to reinstate Sheppard, but before he returned to work, Sheppard completed a questionnaire regarding his history and background. He signed a release for a background investigation. Sheppard was tested for substance abuse and passed his firearms-qualification test.

Appearing before the Commission again on August 25, 1998,[1] Sheppard sought to quash the Department's requirement that he complete a physical-ability test before returning to active duty. The physical-ability test consisted of four parts: an isometric arm lift; a torso lift test; a long jump; and a 1.5–mile run. On September 18, 1998, the Commission granted Sheppard's request and ordered that the Department reinstate him without requiring him to complete the required physical-ability test.

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Sheppard was scheduled to complete the physical-ability test on August 28, 1998.

On September 28, 1998, Sheriff Thomas, in a letter to the Commission, declined to follow the Commission's order. Sheppard then filed a petition for writ of mandamus in the district court to compel Sheriff Thomas to comply with the Commission's order. The court held a hearing on the merits of Sheppard's petition on January 11, 1999. Without issuing a written order, the court orally denied the relief sought by Sheppard.

On February 5, 1999, Sheppard filed a premature motion for new trial, followed by a premature notice of appeal on April 6, 1999. Sheppard then filed a "Motion for Re–Hearing for Petition for Writ of Mandamus" on September 13, 1999. The district court signed a final judgment denying mandamus relief on October 6, 1999. On October 26, 1999, Sheppard filed a motion for new trial. After the trial court denied his motion for new trial, Sheppard filed another notice of appeal on September 5, 2001.

### Mandamus Jurisdiction

█ Although neither party raised the issue of jurisdiction, district courts are vested with original mandamus jurisdiction over county officials. *Vondy v. Commissioners Court,* 620 S.W.2d 104, 109 (Tex. 1981) (citing former TEX. CONST. art. V, § 8). We also note that well-established law supports a district court's authority to issue a writ of mandamus to compel a public official to perform a ministerial act.

*See, e.g., Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex.1991) (requiring mayor to hold election on question of abolishing city's corporate existence); *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422, 423 (1961) (citing action against justice of peace for damages for failure to provide jury for person charged with misdemeanor criminal offense in justice of peace court); *Bichsel v. Carver,* 159 Tex. 393, 321 S.W.2d 284, 285 (1959) (proceeding brought to mandamus chief of police to reinstate suspended policeman).

█ Generally, cases holding that a district court has the authority to conduct a mandamus proceeding tend to repeat the test for mandamus relief rather than discuss the basis for the court's actual authority. *E.g., Anderson,* 806 S.W.2d at 793 (mandamus will issue to compel public official to perform ministerial act). A district court's authority to conduct a mandamus proceeding was originally both constitutional[2] and statutory.[3] Currently, Government Code section 24.011 represents the sole authority vesting a district court with the authority to conduct a mandamus proceeding against a public official. *See* TEX. GOV'T CODE ANN. § 24.011 (Vernon 1988). The statute reads, "A judge of the district court may, either in termtime or vacation, grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari, and supersedeas and all other writs necessary to the enforcement of the court's

---

**2.** The former provisions of article V, section 8 of the Texas Constitution provided that the district court "shall have power to issue writs of habeas corpus, *mandamus,* injunction and certiorari, and all writs necessary to enforce their jurisdiction." (Emphasis added). Article V, section 8 was amended in 1985 as part of a comprehensive plan to eliminate much of the specific constitutional grants of jurisdiction to various courts created in the Texas Constitution. *See* Tex. S.J. Res. 14, 69th Leg., R.S., 1985 Tex. Gen. Laws 3355. The

language giving district courts constitutional authority to issue writs of habeas corpus, mandamus, injunction, and certiorari was omitted, leaving it to the legislature to authorize the district court to issue such writs.

**3.** Revised Statutes, 39th Leg., R.S., § 1, art. 1914, 1925 Tex.Rev.Civ. Stat. 2, 529 (former TEX.REV.CIV. STAT. ANN. art.1914), *repealed by* Act of May 17, 1985, 69th Leg., ch. 480, § 26(1), 1985 Tex. Gen. Laws 1720, 2048.

jurisdiction." *Id.* Accordingly, we conclude that the district court had the authority to hear Sheppard's petition for writ of mandamus.

### Premature Notice of Appeal

Sheppard argues in point of error one that, despite filing a premature notice of appeal, this Court has jurisdiction to hear the case. Although Sheppard calls this a point of error, point one obviously does not attack any error purportedly made by the district court. Because Texas Rule of Appellate Procedure 27.1 allows a party to file and perfect an appeal prematurely, we agree we have jurisdiction. Accordingly, we dismiss point of error one as moot.

### Denial of Petition for Writ of Mandamus

In point of error two, Sheppard argues that the district court erred by denying his petition for writ of mandamus. Specifically, Sheppard is seeking to enforce the Commission's two previous orders for reinstatement without having to complete the Department's required physical test. Neither party disputes the facts. Thus, we will review the district court's application of the law to determine whether Sheppard has a right to his requested relief.

■■■ An appeal from an original proceeding for a writ of mandamus initiated in the trial court is treated differently from an original proceeding for a writ of mandamus initiated in a court of appeals. *See Anderson,* 806 S.W.2d at 794 n. 2. "[W]e do not review the trial court's findings of fact and conclusions of law under the abuse of discretion standard applicable to mandamus actions originating in appellate courts." *Univ. of Tex. Law Sch. v. Tex. Legal Foundation,* 958 S.W.2d 479, 481 (Tex.App.-Austin 1997, no writ) (citing *Anderson,* 806 S.W.2d at 794 n. 2). Rather, "[w]e review them in accordance with

the standards generally applicable to trial-court findings and conclusions. That is, we review findings of fact for legal and factual evidentiary support ... and we review conclusions of law de novo." *Id.* at 481 (citing *Anderson,* 806 S.W.2d at 794). Appellate courts give great deference to a trial court's determination of factual matters; our review of a court's determination of legal principles is much less deferential—a trial court has no "discretion" in determining what the law is or applying the law to the facts. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

■■■ A party is entitled to mandamus relief when there is a legal duty to perform a nondiscretionary act, a demand for performance of that act, and a refusal. *Doctors Hosp. Facilities v. Fifth Court of Appeals,* 750 S.W.2d 177, 178 (Tex.1988); *Harris County v. Walsweer,* 930 S.W.2d 659, 667 (Tex.App.-Houston [1st Dist.] 1996, writ denied). Further, a party is entitled to mandamus relief to compel a public official to perform a ministerial act. *Anderson,* 806 S.W.2d at 793; *Walsweer,* 930 S.W.2d at 667. An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Anderson,* 806 S.W.2d at 793; *Walsweer,* 930 S.W.2d at 667. Relying on supreme court cases, this Court has held:

[A] writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion. [*Anderson,* 806 S.W.2d at 793.] However, there is one exception: a writ of mandamus may issue in a proper case to correct a clear abuse of discretion by a public official. *Id.* Therefore, while the district court's jurisdiction is not used to substitute its discretion for that of the public official, the performance of a clear statutory duty that is ministerial and

nondiscretionary should be mandated by the district court. *Vondy,* 620 S.W.2d at 109.

*Walsweer,* 930 S.W.2d at 668.

█ Here, Sheppard petitioned the district court for a writ of mandamus directed at Sheriff Thomas. Sheppard filed the petition to compel Sheriff Thomas to follow the Commission's order that Sheppard should be "reinstated to his former rank as a deputy, with seniority and benefits but no reimbursement of back wages." After a hearing on the merits, the district court denied the request for mandamus relief.

The ministerial act in question—as determined by the Commission—is the reinstatement of Sheppard to the position of sheriff's deputy without completing a physical-ability test. According to the Local Government Code, the Commission "shall adopt, publish, and enforce rules, regarding: . . . layoffs and dismissals." TEX. LOC. GOV'T CODE ANN. § 158.035 (Vernon Supp. 2003).[4] We conclude that section 158.035 is clear and unambiguous on its face; accordingly, we must interpret the statute to reflect its common meaning. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997) (holding legislature's intent is determined from plain and common meaning of words used).

█ When used as a verb, "enforce" means "to give force or effect to (a law, etc.); to compel obedience to." BLACK'S LAW DICTIONARY 549 (7th ed.1999). Thus, section 158.035 vests the Commission with the authority to compel a sheriff to follow its rulings. To hold otherwise, would pervert the intent of the statute and strip the Commission of its authority. Courts should enforce the plain meaning of laws

as the legislature enacts them, because when courts stray from the plain language, they risk encroaching on the legislature's function to decide what the law should be. *Fitzgerald v. Advanced Spine Fixation Sys. Inc.,* 996 S.W.2d 864, 866 (Tex.1999). Moreover, the legislature is never presumed to have done a useless thing. *Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 551 (Tex.1981). Thus, we hold that the Commission's order was nondiscretionary and that Sheriff Thomas was required to comply.

Instead, Sheriff Thomas made his own extrajudicial determination that the Commission had exercised authority beyond that which had been statutorily conferred. In a letter addressed to the Commission, Sheriff Thomas wrote, "[N]either State law nor the Civil Service Regulations confers upon the Commission any authority to dictate the testing standards the Department may apply before reinstating an employee after an extended absence, and it may be argued that in the matter of Mr. Sheppard [appellant] the Commission, in 'quashing' the physical ability test, committed an ultra vires act."

█ Under current law, a sheriff cannot file suit for judicial review of an adverse ruling from a civil service commission. *See* TEX. LOC. GOV'T CODE ANN. 158.037 (Vernon 1999) (setting forth procedure for employee, but not sheriff, to appeal Commission's order). Sheriff Thomas cites no authority that would allow him to file a suit for judicial review, and we know of none. However, a sheriff can challenge a civil service commission's ruling in district court on the basis that the commis-

---

4. We note the Code Construction Act applies to the construction of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 1.002 (Vernon 1999). According to the Code Con-

struction Act, the word "shall" is interpreted to impose a duty. *See* TEX. GOV'T CODE ANN. § 311.016 (Vernon 1999). Therefore, the Commission has a duty to enforce its rules.

sion's actions were ultra vires.[5] *Nueces County v. Nueces County Civil Serv. Comm'n,* 909 S.W.2d 597, 598 (Tex.App.-Corpus Christi 1995, no pet.) (stating courts can intervene in administrative proceedings when agency is exercising authority beyond its statutorily conferred powers) (quoting *Westheimer Indep. Sch. Dist. v. Brockette,* 567 S.W.2d 780, 785 (Tex. 1978)).

Because the Commission ordered Sheriff Thomas to reinstate Sheppard without taking the physical-ability test, we conclude that anything less than full compliance with the Commission's order constitutes a failure to perform a nondiscretionary ministerial act. Therefore, we hold that the district court erred by denying appellant's petition for writ of mandamus. Further, we hold that appellant's petition for writ of mandamus should be granted in conformity with the Commission's orders. We sustain point of error two. Because we sustain point of error two, we do not reach point of error three.

## Conclusion

We reverse the district court's judgment and remand the cause to the district court with instructions that it render a final judgment granting the mandamus relief requested by Sheppard. We also instruct the district court to allow Sheriff Thomas to voluntarily comply with the court's new judgment. If Sheriff Thomas does not voluntarily comply, the trial court shall (1) order the district clerk to issue a writ of mandamus and (2) conduct such further

postjudgment enforcement proceedings as may be necessary.

---

5. In *Nueces County,* the county brought suit against the civil service commission alleging that the commission exercised authority beyond that which had been statutorily conferred. 909 S.W.2d at 598. The county argued that the commission did not have authority to hear a grievance concerning the reassignment of a sheriff's office employee. *Id.* Reversing the trial court, the court of appeals held that the county had the right to judicial review to determine if the commission had, in fact, exceeded its authority. *Id.*