

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 27, 2004

The Honorable Bill Hill
Dallas County District Attorney
Civil Division
Administration Building
411 Elm Street, 5th Floor
Dallas, Texas 75202

Opinion No. GA-0254

Re: Whether a civil service commission's authority under section 158.035(1) of the Local Government Code to adopt and enforce rules relating to the "selection . . . of employees," impermissibly intrudes upon the sheriff's authority to select assistants, as discussed in Attorney General Opinion GA-0037 (RQ-0208-GA)

Dear Mr. Hill:

You ask whether a civil service commission's authority under section 158.035(1) of the Local Government Code to adopt and enforce rules relating to the "selection . . . of employees," impermissibly intrudes upon the sheriff's authority to select assistants, as discussed in Attorney General Opinion GA-0037.[1] *See* TEX. LOC. GOV'T CODE ANN. § 158.035(1) (Vernon 1999); Tex. Att'y Gen. Op. No. GA-0037 (2003) at 3.

You indicate that under the current regulations of the Dallas County Sheriff's Department's civil service commission, only current employees of the Dallas County Sheriff's Department may be appointed to positions as deputy sheriff recruits. *See* Request Letter, *supra* note 1, at 1.[2] Citing Opinion GA-0037, you suggest that the current regulation prohibiting the appointment of nonemployees may unlawfully infringe upon the sheriff's authority. *Id.* at 2-3; *see* Tex. Att'y Gen. Op. No. GA-0037 (2003) at 3.

Opinion GA-0037 considers whether a county commissioners court may adopt a policy that restricts a sheriff's authority to select employees. *See* Tex. Att'y Gen. Op. No. GA-0037 (2003) at 1-2. According to the opinion, although a commissioners court has "extensive authority over the

---

[1]*See* Letter from Honorable Bill Hill, Dallas County District Attorney, Civil Division, to Honorable Greg Abbott, Texas Attorney General (Apr. 5, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See also* Telephone Conversation with Bob Schell, Chief, Civil Division, Dallas County District Attorney's Office (June 14, 2004) (confirming that the regulations were adopted by the civil service commission).

county's budget" and may thereby limit the number of employees a sheriff may appoint and set employees' compensation, *id.* at 2; *see also id.* at 3, the commissioners court may not tell a sheriff whom to select:

> An elected county officer [such as a sheriff], despite the commissioners court's control over the officer's budget, is free to select assistants of his or her "own choice." . . . An elected county officer "occupies a sphere of authority, . . . within which another officer may not interfere or usurp." . . . This "sphere of authority" consists of those duties the Texas Constitution and statutes delegate to the officer.

*Id.* at 3 (citations omitted); *see also* TEX. LOC. GOV'T CODE ANN. § 151.004 (Vernon 1999) (prohibiting a commissioners court from influencing "the appointment of any person to an employee position"). The opinion concludes that a commissioners court policy restricting the class of individuals from which the sheriff may appoint employees would impermissibly interfere with the sheriff's authority to appoint and could not, therefore, be adopted. *See* Tex. Att'y Gen. Op. No. GA-0037 (2003) at 3. The opinion notes, however, that the sheriff's authority may be limited by statute, citing statutory nepotism prohibitions. *See id.* at 4; *see also* TEX. GOV'T CODE ANN. ch. 573 (Vernon 1994 & Supp. 2004-05). The authority of a civil service commission was not at issue in the opinion.

The elected position of county sheriff is created by article V, section 23 of the Texas Constitution, which states that a sheriff's "duties, qualifications, perquisites, and fees of office shall be" legislatively prescribed. TEX. CONST. art. V, § 23. Chapter 85 of the Local Government Code provides a sheriff with statutory authority to appoint deputies, reserve deputies, and other employees. Deputies, who must be appointed in writing, serve "at the pleasure of the sheriff." TEX. LOC. GOV'T CODE ANN. § 85.003(c) (Vernon 1999). Reserve deputies, whom a sheriff may appoint if authorized by the commissioners court, likewise serve "at the discretion of the sheriff." *Id.* § 85.004(b) (Vernon Supp. 2004-05). The sheriff also may appoint guards "with the approval of the commissioners court," *see id.* § 85.005(a) (Vernon 1999), and, in a county with population of at least 210,000, a county police force, *see id.* § 85.006. The commissioners court, or any member of the commissioners court, may not attempt to influence the sheriff to appoint a particular person to an employment position. *See id.* § 151.004.

Chapter 158, subchapter B of the Local Government Code authorizes a sheriff's department "in a county with a population of more than 500,000 [to] . . . create a civil service system." *Id.* § 158.032. If a commission is created in accordance with the statutory requirements, *see id.* § 158.033 (requiring a petition and an election to create a commission), section 158.035 provides the commission the power to "adopt, publish, and enforce rules regarding . . . selection and classification of employees . . . and . . . other matters relating to the selection of employees and the procedural and substantive rights . . . of employees." *Id.* § 158.035(a). In "a county with a population of 3.3 million or less," such as Dallas County, *see* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://www.census.gov/ (population of Dallas County:

2,218,899), the sheriff may exempt certain positions from the civil service system under section 158.038:

> (1) the position of chief deputy;
>
> (2) four positions of major deputy;
>
> (3) one or more positions in the office of departmental legal counsel; and
>
> (4) additional positions in the department; provided, however, that the sheriff may not designate as exempt a total of more than 10 positions.

TEX. LOC. GOV'T CODE ANN. § 158.038(b) (Vernon Supp. 2004-05).

Given Attorney General Opinion GA-0037's discussion of a sheriff's authority to select assistants and a civil service commission's statutory authority to regulate the selection of nonexempt employees, you ask two questions. First, you ask whether the powers that section 158.035 bestows upon a sheriff's civil service commission "include the power or authority to limit" the sheriff's hiring authority. Request Letter, *supra* note 1, at 1. Second, you ask whether a sheriff's sphere of authority prevents the civil service commission from limiting the sheriff's pool of candidates. *See id.*

As a preliminary matter, we note that all of the employees appointed under chapter 85 of the Local Government Code may be subject to a civil service commission created under chapter 158, subchapter B. *See* TEX. LOC. GOV'T CODE ANN. §§ 85.003(c), .004(b), .005(a), .006 (Vernon 1999 & Supp. 2004-05). In Letter Opinion 92-48, this office opined that, in accordance with a 1990 appellate court case, "where the legislature has [originally] enacted a statute subsequent to the enactment of [a] . . . civil service act which requires employees to serve at the pleasure of the appointing authority, that statute will prevail over the civil service act and the employee will not be subject to the civil service system." Tex. Att'y Gen. LO-92-48, at 3 (citing *Clark v. Young*, 787 S.W.2d 166 (Tex. App.–Fort Worth 1990, writ denied)); *see also id.* at 4 (stating that a statute that was "*originally* enacted subsequent to the . . . civil service act" must be carefully scrutinized to determine whether the employee should be excluded from the civil service system) (emphasis added). Chapter 158, subchapter B was first adopted in 1981. *See* Act of May 6, 1981, 67th Leg., R.S., ch. 119, 1981 Tex. Gen. Laws 295, 295-97. The provision requiring a sheriff's civil service commission to adopt rules relating to the "selection . . . of employees" was in the original statute. *See id.* § 6(a)(1), 1981 Tex. Gen. Laws 295, 296. The sheriff has had statutory authority to appoint deputies to serve at the sheriff's pleasure under chapter 85 and its predecessors since at least 1929. *See* Act effective June 11, 1929, 41st Leg., 1st C.S., ch. 113, § 1, 1929 Tex. Gen. Laws 283, 284. The provision authorizing the sheriff to appoint reserve deputies to serve at the sheriff's discretion was originally adopted in 1971. *See* Act of May 24, 1971, 62d Leg., R.S., ch. 506, § 1(c), 1971 Tex. Gen. Laws 1738, 1738. Neither guards nor members of a county police force, also appointed under

chapter 85, serve "at the sheriff's pleasure" or "at the sheriff's discretion." *See* TEX. LOC. GOV'T CODE ANN. §§ 85.005(a), .006 (Vernon 1999). Accordingly, to the extent the sheriff has not designated them exempt under section 158.038(b), employees appointed under chapter 85 are subject to the civil service system.

We conclude, in answer to your first question, that a civil service commission's express statutory authority under section 158.035(a)(1) to regulate employee selection is broad enough to encompass authority to effectively limit the sheriff's hiring authority. *See* TEX. LOC. GOV'T CODE ANN. § 158.035(a)(1) (Vernon 1999). Section 158.035(a)(1) plainly requires a commission to "adopt . . . and enforce rules regarding . . . selection . . . of employees." *Id.* Commission rules thus regulate sheriff's employees' "substantive and procedural rights to their employment." *Tarrant County v. Van Sickle*, 98 S.W.3d 358, 363 (Tex. App.–Fort Worth 2003, pet. denied) (discussing a county civil service system created under chapter 158, subchapter A). The sheriff may exempt certain positions from the civil service system in accordance with section 158.038, and the sheriff accordingly may select those employees without complying with the commission's regulations. *See* TEX. LOC. GOV'T CODE ANN. § 158.038(b) (Vernon Supp. 2004-05).

You ask second whether a civil service commission's regulatory authority over employee selection impermissibly intrudes upon the sheriff's sphere of authority. Neither Attorney General Opinion GA-0037 nor *Abbott v. Pollock* are apposite here, where we are considering the sheriff's authority vis-à-vis the civil service commission. Opinion GA-0037 applied to the authority of a sheriff vis-à-vis the commissioners court. *Abbott v. Pollock*, upon which GA-0037 relies for the proposition that a sheriff may select employees of his or her own choosing, likewise pertains to a commissioners court's authority to alter a sheriff's office employee's status. *See Abbott v. Pollock*, 946 S.W.2d 513, 518 (Tex. App.–Austin 1997, writ denied); *see also* TEX. LOC. GOV'T CODE ANN. § 151.004 (Vernon 1999) (prohibiting a commissioners court from influencing an individual's appointment to an employee position).

A sheriff's authority to appoint employees is statutory, not constitutional. Article V, section 23 of the Texas Constitution does not preclude the legislature from limiting a sheriff's appointing authority by statute, by, for example, prohibiting nepotism. *See* TEX. CONST. art. V, § 23 (stating that sheriffs' duties "shall be prescribed by the Legislature"); Tex. Att'y Gen. Op. No. GA-0037 (2003) at 4. Here, the legislature has, by enacting section 158.035(a)(1), expressly authorized a civil service commission to limit a sheriff's appointing authority, where a commission has been established by petition and election, *see* TEX. LOC. GOV'T CODE ANN. § 158.033 (Vernon 1999), but excepting those positions a sheriff has designated as exempt under section 158.038, *see id.* § 158.038(b) (Vernon Supp. 2004-05).

Moreover, a 2003 appellate court opinion, *Sheppard v. Thomas*, suggests that a sheriff has a ministerial duty to comply with commission rules regarding employee selection, and, implicitly, that a commission's authority to regulate employee selection does not impermissibly intrude upon the sheriff's sphere of authority. *See Sheppard v. Thomas*, 101 S.W.3d 577, 582-83 (Tex. App.–Houston [1st Dist.] 2003, pet. denied). The *Sheppard* court concluded that a civil service commission's authority to regulate employee layoffs and dismissals under section 158.035(b)(4)

"vests the Commission with the authority to compel a sheriff to follow its rulings." *Id.* at 582. Thus, when a commission orders a sheriff to reinstate a particular former employee without taking a physical-ability test, the sheriff is required to comply: "[A]nything less than [the sheriff's] full compliance with the Commission's order constitutes a failure to perform a nondiscretionary ministerial act." *See id.* at 583.

We accordingly conclude that a civil service commission created under chapter 158, subchapter B of the Local Government Code may, under section 158.035(b)(1), limit the sheriff's authority to select assistants. The civil service commission's authority to regulate personnel selection does not unlawfully infringe upon the sheriff's authority.

## S U M M A R Y

A civil service commission created under chapter 158, subchapter B of the Local Government Code has express statutory authority, under section 158.035(b)(1), to limit the sheriff's authority to select assistants. The civil service commission's statutory authority to regulate personnel selection does not impermissibly intrude upon the sheriff's sphere of authority discussed in Attorney General Opinion GA-0037 (2003).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee