Opinion February 12, 2009












In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00759-CV




ANDY CASTELLANO, JR., Appellant




On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 43679




MEMORANDUM OPINION
          On July 19, 2007, appellant Andy Castellano, Jr. sued Dorothea Thompson and
Odessa Weinsinger in district court, seeking a writ of mandamus to compel them to
fingerprint him so he can obtain his criminal record from the Federal Bureau of
Investigation. See Tex. Gov’t Code Ann. § 24.011 (Vernon 2004) (establishing
district court’s mandamus jurisdiction); Sheppard v. Thomas, 101 S.W.3d 577, 580
(Tex. App.—Houston [1st Dist.] 2003, pet. denied). At the time Castellano filed suit,
Thompson was working in the prison law library, having replaced Weinsinger.
          Before Thompson and Weinsinger were served or appeared in the suit, the
district court dismissed Castellano’s case on August 13, 2007:
On this date the Court reviewed the pleadings in the above
referenced cause. It appearing that the Plaintiff has failed to state a
cause of action as a matter of law, it is ORDERED that this cause is
dismissed with prejudice to the rights of Plaintiff to refile the same.
The district court’s dismissal was sua sponte, as there was nothing filed by any party
other than Castellano.


 The court’s docket does not reflect that Castellano was
notified in advance that the court was considering a dismissal. Furthermore, the
docket sheet erroneously recites the following:
08/13/07Global Disposition: DISMISSED - BY PLAINTIFF
The district court did not dismiss the case pursuant to Civil Practice and Remedies
Code section 14.003. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002)
(allowing dismissal of claims by inmates claiming indigency).
          On September 5, 2007, Castellano filed a postjudgment motion in which he
objected to the district court’s dismissal with prejudice. In his appellant’s brief,
Castellano asks this Court to reverse the district court’s judgment (1) for dismissing
with prejudice and (2) for dismissing for failure “to state a cause of action.”
Castellano has only preserved the issue of dismissal with prejudice for appellate
review, so we do not address whether the district court erred in dismissing for failure
“to state a cause of action.” See Tex. R. App. P. 33.1(a) (requiring preservation of
appellate complaints); Luna v. S. Pac. Transp. Co., 724 S.W.2d 383, 384 (Tex. 1987)
(requiring preservation of error that appeared in trial court’s judgment by
postjudgment motion); El Paso Pipe & Supply Co. v. Mountain States Leasing, Inc.,
617 S.W.2d 190, 190 (Tex. 1981) (requiring preservation of error that case was
dismissed “with prejudice”).
          A dismissal with prejudice to refiling is a final determination on the merits. 
Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991). Even if the district court had
dismissed this case pursuant to Civil Practice and Remedies Code section 14.003,
there would be no basis for dismissing it with prejudice, because the basis for the
dismissal, failure to state a claim, could have been remedied by amended pleadings. 
See Williams v. Tex. Dep’t of Crim. Justice-Institutional Div., 176 S.W.3d 590, 594
(Tex. App.—Tyler 2005, pet. denied). We hold that the record does not demonstrate
the district court had a basis on which to dismiss with prejudice, and we sustain
Castellano’s point of error in that regard.
          We reverse the portion of the district court’s judgment dismissing the case
“with prejudice” and render judgment that the phrase “it is ORDERED that this cause
is dismissed with prejudice to the rights of Plaintiff to refile the same.” is changed to
“it is ORDERED that this cause is dismissed.” In all other respects, the district
court’s judgment is affirmed.
 
 
                                                             Jim Sharp
                                                             Justice
 
Panel consists of Justices Taft, Bland, and Sharp.