NO. 07-10-00025-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 21, 2011

---

PETER LEE HINOJOSA, APPELLANT

v.

TARRANT COUNTY, TEXAS
AND THOMAS A. WILDER, DISTRICT CLERK OF
TARRANT COUNTY, TEXAS, APPELLEES

---

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY;

NO. 342-234146-08; HONORABLE ROBERT S. MCGRATH, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

The trial court dismissed the case filed by appellant Peter Lee Hinojosa for want

of subject-matter jurisdiction based on the asserted governmental immunity of appellees

Tarrant County and its district clerk, Thomas Wilder.  We will affirm.

Background

Hinojosa began employment with Tarrant County on March 1, 1976, and moved

to the district clerk's office in April 1991.  On May 15, 2006, district clerk Wilder issued

Hinojosa a memo regarding "re-organization plan--FY2007 Budget."  According to the

memo, the reorganization plan would eliminate Hinojosa's position effective September 30, 2006.

Tarrant County has promulgated rules for reductions in force. Under those rules, in the event certain types of employees are considered for layoff, layoff ratings are calculated according to a formula and the employee with the lowest rating is laid off. Under the circumstances of the reorganization of the district clerk's office, the county director of human resources concluded layoff ratings were not required. Hinojosa retired on September 30, 2006. After that date, he performed no work for the county.

Hinojosa filed a grievance with the county's civil service commission contending calculation of layoff ratings was required. On January 29, 2007, the commission announced its decision, agreeing that layoff ratings were required. The commission did not reduce its findings to writing but its oral rendition in part provided:

> [A]fter deliberation of the Commissioners, we overturn the decision that was made by the Appointed Authority. . . . And therefore, we feel that Mr. Hinojosa will be entitled to backpay (sic) from October 1st until such time, that the Appointed Authority follow the procedures for and determine, the layoff. . . . That's backpay (sic) and whatever benefits that were accrued until such time, from October 1st until such time the Appointed Authority follow such Rules.
>
> [W]e're just saying that the proper Civil Service Rules were not followed and so we overturn any decisions that were made prior to today and it says follow the Rule and then decide who needs to be eliminated.

The commission did not order Hinojosa reinstated. When the layoff ratings were calculated, Hinojosa received the lowest rating.

Thereafter, despite requests, Hinojosa did not receive the back pay ordered by the commission. On December 2, 2008, Hinojosa petitioned the district court for a writ

of mandamus compelling the county and Wilder to comply with the commission's order. Asserting governmental immunity, Wilder filed a plea to the jurisdiction and the county moved to dismiss Hinojosa's petition for want of jurisdiction.[1]  By one order, the trial court granted the requests of the county and Wilder and dismissed the case for want of subject-matter jurisdiction.  Hinojosa appeals.

Analysis

Hinojosa presents five issues, asserting: (1) the trial court possesses original mandamus jurisdiction over county officials; (2) jurisdiction exists under Chapter 158 of the Local Government Code; (3) the governmental immunity-retrospective damages argument of the county and Wilder does not apply; (4) Article III, §§ 52 and 53, of the Texas Constitution do not prohibit an award of back pay; and (5) Hinojosa chose not to appeal the order of the commission because he prevailed.

By his first, second, and third issues, Hinojosa challenges the trial court's dismissal of his claims for want of subject-matter jurisdiction on the basis of governmental immunity.  Whether the trial court lacks subject-matter jurisdiction is a question of law we review *de novo*.  *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007). "Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex. 2008); *Reata*

---

[1] Governmental immunity protects political subdivisions of the State, including counties, cities and school districts from suit and liability.  *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2002).

3

*Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006). Sovereign and governmental immunities encompass two distinct principles, immunity from suit and immunity from liability. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004); *Channelview Indep. Sch. Dist. v. A.R.C.I., Ltd.,* 199 S.W.3d 556, 559 (Tex.App.--Houston [1st Dist.] 2006, no pet.). Immunity from liability is an affirmative defense subject to waiver, but immunity from suit deprives a court of subject-matter jurisdiction. *Miranda,* 133 S.W.3d at 224. A county and its agents, when acting in their official capacity, are governmental units and immune from suit. *Travis County v. Pelzel & Assocs., Inc.,* 77 S.W.3d 246, 248 (Tex. 2002); *Morris v. Copeland*, 944 S.W.2d 969, 698-99 (Tex.App.--Corpus Christi 1997, no pet.).

We turn first to Hinojosa's pleadings and the nature of his claims.[2] Pertinent to this discussion Hinojosa alleged:

> [The commission] ordered [the county and Wilder] to pay [Hinojosa] back pay . . . .
>
> [The county and Wilder] are required by law to fully comply with an Order of the [commission], to follow a valid Order and to pay [Hinojosa] back pay.

---

[2] Hinojosa's pleadings do not expressly state in what capacity he sued Wilder. In such instances, we look to the course of proceedings, which typically indicate the nature of the liability sought to be imposed. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 377 (Tex. 2009) (citing *Kentucky v. Graham,* 473 U.S. 159, 167 n.14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Hinojosa seeks an order compelling payment by the county of back pay awarded by the commission. His petition names Wilder as district clerk of Tarrant County. Considering the nature of the liability sought to be imposed and affording Hinojosa's pleadings a liberal construction, we conclude Wilder was sued in his official capacity.

4

> [The county and Wilder] have declined to follow the Commission's lawful Order in Hinojosa's favor and have continued to ignore the lawful Order. As a result of [the county's and Wilder's] unlawful conduct, Hinojosa seeks a writ of Mandamus to compel [the county and Wilder] to comply with the Commission's order. Hinojosa further says that by failing to follow a lawful Order [of the commission] a writ of Mandamus should issue to correct a clear abuse of discretion.

By his petition, Hinojosa prayed that the county and Wilder be required to comply with the order, "plus interest." Attached to Hinojosa's petition are a transcript of the commission hearing ordering back pay and benefits and a letter from Hinojosa to the county seeking back pay and benefits.[3] The letter demands back pay and benefits of $47,139.05 for the period October 1, 2006 through February 28, 2007. We conclude Hinojosa sought a writ of mandamus compelling the county and Wilder to pay him back pay and benefits.

We next consider whether governmental immunity bars Hinojosa's request for a writ of mandamus compelling payment of back pay and benefits. A district court possesses mandamus jurisdiction over county officials. *Vondy v. Commissioners Court,* 620 S.W.2d 104, 109 (Tex. 1981).

> A writ of mandamus will issue to compel a public official to perform a ministerial act. An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. Furthermore, a writ of mandamus will not issue to compel a public official to perform an act which involves an exercise of discretion. However, this rule is not without exception--a writ

---

[3] In the letter attached to his pleading, Hinojosa argued he was still a county employee and "ready to continue serving the citizens of Tarrant County." If Hinojosa believed he was entitled to reinstatement, which the commission did not grant, his remedy was by an appeal to the district court to be perfected within thirty days of the commission's January 29, 2007, order. Tex. Local Gov't Code Ann. § 158.012(a) (West 2008). Hinojosa did not pursue an appeal.

5

of mandamus may issue in a proper case to correct a clear abuse of discretion by a public official.

*Anderson v. Seven Points,* 806 S.W.2d 791, 793 (Tex. 1991) (citations omitted). Thus, mandamus as a remedy for wrongs of the State and its officials is not *per se* precluded by governmental immunity. *See City of Seagoville v. Lytle,* 227 S.W.3d 401, 411 (Tex.App.--Dallas 2007, no pet.) (reinstatement of employee to position and pay grade not barred by governmental immunity). Mandamus is appropriate to enforce equitable relief ordered by a county civil service commission. *Sheppard v. Thomas,* 101 S.W.3d 577, 582 (Tex.App.--Houston [1st Dist.] 2003, pet. denied). However, absent a waiver mandamus will not issue to compel payment by the State of money damages. *Lytle,* 227 S.W.3d at 411; *cf. Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 856 (Tex. 2002) ("private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages, such as a contract dispute, as a declaratory-judgment claim"). Such a claim is an impermissible attempt to control state action by imposing liability on the State. *See IT-Davy,* 74 S.W.3d at 856; *Anderson v. City of McKinney,* 236 S.W.3d 481, 483 (Tex.App.--Dallas 2007, no pet.) (suit is barred by governmental immunity if only plausible remedy is award of money damages).

A claim for back pay and benefits as compensation for pay lost during a period when the employee was wrongfully prevented from working for the employer is a claim for money damages. *City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 634 (Tex. App.--Austin 2007, pet. denied). *See City of El Paso v. Heinrich,* 284 S.W.3d 366, 374 (Tex. 2009) (citing *City of Houston v. Williams,* 216 S.W.3d 827, 828-29 (Tex. 2007) (per curiam), and explaining *Williams* stands for proposition that retrospective monetary

claims are generally barred by immunity). Of relevance here, the court in *Williams* noted, "[t]he only injury the [the claimants] allege has already occurred, leaving them with only one plausible remedy--an award of money damages." 216 S.W.3d at 829.

Hinojosa sought a writ of mandamus compelling the county and Wilder to make payment to him of back pay and benefits. The compensation sought was for a period Hinojosa did not perform work for the county and was, according to his pleading, prevented from working for the county.[4] Notwithstanding the nature of the remedy employed, this was simply a claim for payment of money damages asserted against a governmental entity and its officer. *See Lytle,* 227 S.W.3d at 411 (petition for mandamus seeking back pay was claim for money damages); *cf. City of Dallas v. Albert,* No. 07-0284, 2011 Tex. Lexis 636, at *26-27 (Tex. Aug. 26, 2011) (citing *Heinrich,* 284 S.W.3d at 376) (explaining "*Heinrich* clarified that only prospective, not retrospective, relief is available in an ultra vires claim").

Hinojosa urges the decision in *Sheppard v. Thomas* should guide our decision and requires the county and Wilder to comply with the commission's order. *Sheppard,* 101 S.W.3d 577 (Tex.App.--Houston [1st Dist.] 2003, pet denied). Sheppard challenged his termination as a Harris County deputy sheriff in a proceeding before the county civil service commission. The commission issued two orders requiring reinstatement of Sheppard to his former position without completing a physical-ability test. *Id.* at 582. The sheriff refused to comply and Sheppard sought a writ of mandamus in the district court compelling reinstatement without completing the test. *Id.* at 581. The court of

---

[4] As noted, Hinojosa retired on September 30, 2006.

7

appeals concluded compliance with the orders of the commission was a nondiscretionary ministerial act and remanded the case for rendition of a judgment granting the mandamus relief Sheppard requested. *Id.* at 583. While *Sheppard* illustrates use of mandamus to compel performance of a ministerial act by a governmental entity, we find it inapposite here. The commission denied Sheppard "back wages," a determination he did not challenge. *Id.* at 579. He therefore did not seek money damages by his mandamus proceeding; rather, his claim was for equitable reinstatement. This is a critical distinction. *See Lytle,* 227 S.W.3d at 411 (mandamus to restore officer to position and pay grade not barred by immunity but mandamus seeking back pay is a claim for money damages that is barred by immunity). The only relief Sheppard sought was not precluded by immunity.[5] *Sheppard* does not assist Hinojosa. Absent an express waiver, governmental immunity bars Hinojosa's claim for money damages. *See IT-Davy,* 74 S.W.3d at 858.

With regard to the existence of a waiver of governmental immunity, we begin by observing the mandate that "a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." Tex. Gov't Code Ann. § 311.034 (West Supp. 2010); *Tooke v. City of Mexia,* 197 S.W.3d 325, 328-29 & n.2 (Tex. 2006) (noting that governmental immunity is "waived only by clear and unambiguous language"). Hinojosa first points out his award of back pay by the commission was authorized by statute and rule. Pursuant to provisions of Subchapter A ("County Civil Service System") of Chapter 158 ("County Civil Service") of the Local Government Code, Tarrant County created a civil service system and appointed a civil

---

[5] The court of appeals made no discussion of immunity.

service commission. The commission adopted rules regarding, among other things, layoff and dismissal of county employees. Tex. Local Gov't Code Ann. §§ 158.001, 158.008, 158.009(a)(5) (West 2008). Authority to enforce the rules is in the commission. *Id.* at § 158.009(a). The record indicates the commission adopted rules authorizing it to order reinstatement with or without back pay. Tarrant County Civil Service Rules 8.00(f)(3)(4) (Nov. 2005).

Section 158.012 contains an express provision for judicial review by a district court, under the substantial evidence rule, of certain final decisions by the commission. The section allows the district court to order reinstatement, back pay or other appropriate relief. Tex. Local Gov't Code Ann. § 158.012 (West 2008). As the supreme court has noted, by authorizing judicial review of the actions of a governmental body, the Legislature necessarily has indicated its understanding that the body "would be sued in court by persons exercising that right," and thus provides a limited waiver of immunity. *Tex. Dep't of Protective & Regulatory Svcs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004). But the judicial review provided by § 158.012 is limited to appeal, by the employee, of a commission decision.[6] Because those are not the facts before us, we need not address the availability, as against a claim of immunity, of an award of back pay to an employee appealing a commission decision under § 158.012. For our purpose, it is sufficient that we conclude § 158.012 does not represent "by clear and unambiguous language," *Tooke,* 197 S.W.3d at 328, a more general waiver of

---

[6] Hinojosa did not appeal the commission's decision because it gave him what he wanted. And, as his brief points out, Hinojosa was not "demoted, suspended, or removed" by the commission's order. *See* Tex. Local Gov't Code Ann. § 158.012(a) (West 2008) (providing county employee who on final decision by the commission is demoted, suspended, or removed from employee's position may appeal).

immunity permitting judicial enforcement against the county of a commission decision ordering payment of back pay and benefits for a period Hinojosa did not perform work for the county. In *Whiteaker*, the court pointed out that Chapter 143 provides appellate remedies waiving governmental immunity to a limited extent. 241 S.W.3d at 639. Despite the presence in Chapter 143 of limited waivers, not specifically invoked by Whiteaker, the court could not "discern any other basis in chapter 143—explicit or implicit—for concluding that the legislature clearly and unambiguously intended to waive governmental immunity against a claim like Whiteaker's in particular." *Id.* We similarly cannot discern a basis in Chapter 158 for a clear and unambiguous waiver of the county's immunity against a claim like that asserted by Hinojosa.

Other than the limited waiver for judicial review under § 158.012, Subchapter A of Chapter 158 contains no express waiver of immunity. Considering whether statutory provisions were intended by the Legislature to waive immunity, courts may ask "whether a statute makes any sense if immunity is not waived." *Kerrville State Hosp. v. Fernandez,* 28 S.W.3d 1, 6 (Tex. 2000); *accord, Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 643 (Tex. 2004). Broadly, Subchapter A of Chapter 158 provides a regulatory scheme addressing such employment issues as promotions, seniority, tenure, layoffs, dismissals, disciplinary actions and grievances. Tex. Local Gov't Code Ann. § 158.009(a) (West 2008). The functionality of Subchapter A does not turn on a waiver of governmental immunity.

The legislative grant of power to the civil service commission to adopt limited rules does not authorize the commission to promulgate rules waiving or abrogating the

10

immunity of the county and its officers. Rather, this determination is singularly that of the Legislature. *IT-Davy,* 74 S.W.3d at 857 ("it is the Legislature's sole province to waive or abrogate sovereign immunity"); *cf. Tex. Natural Res. Conservation Comm'n v. Lakeshore Util. Co.,* 164 S.W.3d 368, 377 (Tex. 2005) (an administrative agency is a creature of the Legislature with no inherent authority of its own and may accordingly exercise only those powers the Legislature confers on it by clear and express language).

As the supreme court pointed out in *Heinrich,* 284 S.W.3d at 377, after issuance of its opinion in *Williams* the Legislature enacted § 180.006 of the Local Government Code, entitled "Sovereign or Governmental Immunity Waived for Certain Claims," which contains an express limited waiver of immunity for certain claims for back pay and civil penalties, but only for firefighters and police officers. Tex. Loc. Gov't Code Ann § 180.006 (West 2008). The supreme court at the same time reiterated its oft-noted conviction that the Legislature is best positioned to determine when waiver of immunity is appropriate. *Id.* Observing that admonition, and the requirement that waivers be expressed in clear and unambiguous language, we cannot agree that the Legislature has waived the county's immunity from money damage claims brought by county employees against their employing counties and their officers.

Concluding the relief Hinojosa sought by his petition for writ of mandamus was nothing more than an order compelling the county and its officer to pay him money damages and the Legislature has not waived immunity for money damage claims under the facts here presented, we overrule Hinojosa's first, second, and third issues.

11

Hinojosa's fourth and fifth issues respond to arguments the county and Wilder urged in the trial court. Discussion of these issues is not necessary to our disposition of this appeal. Tex. R. App. P. 47.1.

## Conclusion

Because we agree with the trial court that governmental immunity deprived the court of jurisdiction to adjudicate the claims asserted by Hinojosa, we affirm the trial court's judgment.

James T. Campbell
Justice