

**NUMBER 13-17-00447-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**COUNTY OF HIDALGO,** <span style="float:right">**Appellant,**</span>

**v.**

**MARY ALICE PALACIOS** <span style="float:right">**Appellee.**</span>

---

**On appeal from the 93rd District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant County of Hidalgo (the County) filed a plea to the jurisdiction to dismiss appellee Mary Alice Palacios's suit seeking back pay from the County. The trial court denied the County's plea. On appeal, the County argues that the trial court erred by

failing to grant its plea to the jurisdiction. We reverse the trial court's order and render judgment dismissing Palacios's suit against the County.

## I. BACKGROUND

Palacios is a former justice of the peace of Hidalgo County. While she was in office in 2011, she was convicted of two counts of official oppression, which is a class-A misdemeanor involving official misconduct. After the judgment was signed, the State Commission on Judicial Conduct suspended her without pay from her position as justice of the peace. In 2014, this Court reversed her conviction and acquitted Palacios, concluding that "the evidence is insufficient to support the jury's findings." *Palacios v. State*, 511 S.W.3d 549, 591 (Tex. App.—Corpus Christi 2014, no pet.). In 2015, this Court issued its mandate. However, Palacios's term as justice of the peace ended in December 2014 so she did not return to her position.

In 2017, Palacios brought a quantum meruit suit against the County, claiming that she is entitled to compensation and benefits for the period of her suspension. The County filed a plea to the jurisdiction; according to the County, Palacios failed to establish subject-matter jurisdiction because Palacios could not identify any statutory authority that waived governmental immunity in this case. At the hearing on the plea, Palacios admitted that there is no statutory authority that waives the County's immunity from suit in this case. However, Palacios claimed that she was coming before the court "in equity." The trial court agreed that "the district court is a court of equity" and denied the County's plea to the jurisdiction. This appeal followed.

## II. GOVERNMENTAL IMMUNITY

2

In a single issue, the County argues that the trial court erred by failing to grant the plea to the jurisdiction.

## A. Standard of Review

To render a binding judgment, a court must have subject-matter jurisdiction over the controversy. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010). A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea based on governmental immunity from suit, like the County's plea here, challenges the trial court's subject-matter jurisdiction over a pleaded cause of action. *See Tex. Dep't Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Subject-matter jurisdiction is a question of law; therefore, we review the trial court's ruling on a plea to the jurisdiction de novo. *Hidalgo Cty. v. Dyer*, 358 S.W.3d 698, 703 (Tex. App.—Corpus Christi 2011, no pet.).

"If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Miranda*, 133 S.W.3d at 226–27. On the other hand, if the pleadings affirmatively negate subject-matter jurisdiction, then the plea to the jurisdiction can be granted without giving the plaintiff an opportunity to amend. *See id.* at 227.

## B. Applicable Law

Governmental immunity is a common law doctrine that protects political subdivisions of the State, including counties. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Governmental immunity includes: (1) immunity from

suit, and (2) immunity from liability. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). Immunity from suit, which is at issue in the present case, deprives a court of jurisdiction over governmental entities unless immunity has been expressly waived by the Legislature in "clear and unambiguous language." *Univ. of Tex. Med. Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex. 1994).

The plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *Hidalgo Cty.*, 358 S.W.3d at 703.

> The party suing the governmental entity must establish the state's consent, which may be alleged either by reference to a statute or to express legislative permission. Since as early as 1847, the law in Texas has been that absent the state's consent to suit, a trial court lacks subject matter jurisdiction.

*Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (internal citations omitted).

## C. Discussion

The County contends that the trial court lacked subject-matter jurisdiction in the underlying proceedings and that we should therefore dismiss this case. More specifically, the County claims that Palacios completely failed to meet her burden of showing that the County's governmental immunity had been waived. We agree with the County.

In the present suit, Palacios never cited a specific statute or legislative permission establishing the County's consent to suit. *See id*. To the contrary, Palacios conceded that there was no statute or legislative act that waived the County's immunity from suit for Palacios's quantum meruit claim for back pay. Instead, Palacios relies solely on equity and a Texas Attorney General opinion issued in 1974. *See* Tex. Att'y Gen. Op. No. H-227 (1974). The Attorney General opinion stated that a "Justice of the Peace, convicted of a felony involving official misconduct, who appeals the conviction, is entitled to

4

emoluments of office pending the appeal, unless the convicting court finds that it is in the best interest of the public to suspend him." *Id.* Palacios contends she is entitled to back pay because "there's an issue of fundamental fairness and equity" and this Attorney General opinion "leaves open the question" to whether she should be allowed to recover her back pay and benefits.

Palacios's reliance on the Attorney General opinion is misplaced. It interpreted Texas Revised Civil Statute article 5969. *See* Tex. Rev. Civ. Stat. art. 5969 *repealed by* Acts 1987, 70th Leg., ch. 149, § 49(1). That statute and related provisions are currently housed in chapter 87 of the local government code which governs the removal of county officers. *See* Tex. Loc. Gov't Code Ann. ch. 87 (West, Westlaw through 2017 1st C.S.). Section 87.032 provides as follows:

> If the officer appeals the judgment, the appeal supersedes the order of removal unless the court that renders the judgment finds that it is in the public interest to suspend the officer pending the appeal. If the court finds that the public interest requires suspension, the court shall suspend the officer as provided by this chapter.

*Id*. § 87.032. Palacios was not "removed" from office; she was "suspended." Palacios's suspension was initiated by the State Commission on Judicial Conduct pursuant to chapter 33 of the government code. *See* Tex. Gov't Code Ann. ch. 33 (West, Westlaw through 2017 1st C.S.). Therefore, the Attorney General opinion and chapter 87 of the local government code are inapplicable to this case. Instead, the applicable statutory provision is Section 33.037, titled "Suspension Pending Appeal", which provides: "If a judge who is convicted of a felony or a misdemeanor involving official misconduct appeals the conviction, the commission shall suspend the judge from office *without pay* pending final disposition of the appeal." *Id*. § 33.037 (emphasis added). This statute operates

5

differently than section 87.032 of the local government code in two key respects: (1) an appeal does not supersede the judge's removal from office; and (2) the judge remains suspended without pay. There are no provisions within chapter 33 of the government code, in which the legislature has waived immunity by clear and unambiguous language. *See York,* 871 S.W.2d at 177.

The Texas Supreme Court has reiterated throughout the years that governmental immunity can only be waived by the Legislature. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 377 (Tex. 2009) ("As we have repeatedly noted, the Legislature is best positioned to waive immunity, and it can authorize retrospective relief if appropriate. There are cases in which prospective relief is inadequate to make the plaintiff whole, but the contours of the appropriate remedy must be determined by the Legislature."); *see also Albert*, 354 S.W.3d at 373 (holding that waivers of immunity are the "prerogative of the Legislature"); *Jones*, 8 S.W.3d at 638 (same); *York,* 871 S.W.2d at 177 (same). Affirming this position, the Texas Supreme Court has rejected invitations to recognize judicially created equitable exceptions to governmental immunity. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011); *see also Salazar v. Lopez*, 88 S.W.3d 351, 352–53 (Tex. App.—San Antonio 2002, no pet.) ("Although [the plaintiff] makes an interesting argument [to recognize an equitable exception], the waiver of governmental immunity is a matter addressed to the Legislature, not the courts."). Furthermore, several courts have specifically established that governmental entities retain immunity from suits for back pay. *See In re Nestle USA, Inc.*, 359 S.W.3d 207, 212 (Tex. 2012) (orig. proceeding); *see also Hinojosa v. Tarrant Cty.*,

355 S.W.3d 812, 814, 819 (Tex. App.—Amarillo 2011, no pet.); *City of San Benito v. Ebarb*, 88 S.W.3d 711, 720 (Tex. App.—Corpus Christi 2002, pet. denied).

Even if this case involves questions of "fairness and equity," it does not subvert Palacios's burden to demonstrate subject-matter jurisdiction. If Palacios's relief is inadequate in this case, it is up to the Legislature to determine the "contours of the appropriate remedy." *Heinrich*, 284 S.W.3d at 377. For example, after *City of Houston v. Williams,* 216 S.W.3d 827, 828 (Tex. 2007), the Legislature passed section 180.006 of the local government code to waive immunity to allow firefighters and police officers to file claims for back pay and civil penalties. *See* TEX. LOCAL GOV'T CODE § 180.006 (West, Westlaw through 2017 1st C.S.).

We conclude that Palacios failed to allege sufficient facts to demonstrate the trial court's jurisdiction. *See Miranda*, 133 S.W.3d at 226. Because there is no legislative act or statute that waives immunity in this suit, the case may be dismissed without an opportunity to amend. *See id*. We sustain the County's sole issue.

### III. CONCLUSION

We reverse the trial court's order and render judgment dismissing Palacios's suit against the County.

NORA L. LONGORIA
Justice

Delivered and filed the
19th day of December, 2018.

7