**Jeanette RASH, Appellant,**

v.

**CITY COUNCIL OF the CITY OF HOUSTON, Texas, et al.,**
**Appellees.**

No. 16916.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 11, 1977.

Rehearing Denied Oct. 6, 1977.

Parrish & Parrish, Angelo Parrish, Houston, for appellant.

Otis H. King, City Atty., Alan F. Levin, Senior Asst. City Atty., Ann L. Carleton, Asst. City Atty., Houston, for appellees.

EVANS, Justice.

This mandamus action was brought by the appellant to compel the Houston City Council to issue two emergency wrecker permits on the basis of the record made at a hearing held before City Council to determine public convenience and necessity. The trial court dismissed the appellant's action, determining that it lacked jurisdiction because the appellant failed to allege a vested property right or a constitutional violation.

It is the appellant's contention that the allegations of her application show her right to a hearing before the trial court to determine whether a writ of mandamus should be issued. In her application she alleges that the testimony and evidence presented at the hearing before City Council establish that there are no facts or conditions which justify the action taken and that the City Council's ruling constitutes a clear abuse of discretion.

It is the City's position that the trial court properly dismissed the action for lack of jurisdiction. In support of this position the City argues that the appellant had no inherent right to a judicial review of the City Council's ruling and that the appellant failed to establish either that she had a vested property right or that there had been some constitutional violation which would entitle her to judicial review.

The remedy of mandamus is available, under appropriate circumstances, to compel an official to act where a clear legal duty is shown. 6 Texas Practice, § 302, pp. 292–303. The writ will not issue to control matters of a discretionary character, but in a proper case the writ is available to correct a clear abuse of discretion. *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 682 (1956). Where the issuance of a license or permit required by law is arbitrarily refused, mandamus is an appropriate remedy.

"Boards and officers charged with the duty or power of issuing licenses and permits usually exercise a discretionary function in the matter. Their determination involves a judgment as to the right

and fitness of the applicant, and generally calls for examining evidence and passing upon questions of fact. Where such is the case, courts may compel them to exercise their judgment or discretion, but will not attempt to control their discretion or compel them by mandamus to decide in a particular way. If in the proper exercise of their power they refuse a license or permit, the writ will not issue to revise or review their decision . . . But the rule denying mandamus in such cases presupposes that the board or officer, in withholding the license or permit, acted in good faith and with legal discretion. If there is an arbitrary abuse of the power vested in the respondent, amounting to a virtual refusal to perform the duty involved or to act at all in contemplation of law, mandamus will be granted." 52 Am.Jur.2d, § 208, pp. 537–538.

In her application for writ of mandamus the appellant alleges that the City Council acted arbitrarily and unreasonably in refusing the application for the two wrecker permits, and that she is entitled to a hearing to determine whether mandamus should issue to compel the City Council to perform its clear legal duty in the matter. These allegations show that the appellant has a justiciable interest in the subject matter, and in the absence of special exceptions, reflect the trial court's jurisdiction over the mandamus proceeding. Where a municipal board has a clear legal duty to issue a license or permit and refuses to do so, mandamus is an appropriate remedy. "In the government of affairs of a municipality many powers must necessarily be confided to the jurisdiction of its officers, and it can be productive only of mischief in the treatment of such questions to substitute the discretion of strangers in place of that of the officers best acquainted with the circumstances, conditions, and necessities of the case. That the law furnishes ample remedies for the abuse of such discretion, when the action taken is but an arbitrary exercise of power, can hardly be questioned. It is a discretion confided that must be exercised in the interest of the public welfare, in the interest of the public health, and the public peace, and if the facts should show that in the refusal of the permit or license no such incentives of purposes were behind the action of the council, then, in application for a writ of mandamus made to the proper tribunal, the council would be compelled to issue the license or permit." *Ex parte Broussard,* 74 Tex.Cr. 333, 169 S.W. 660, 662 (1913).

The authorities relied upon by the City do not support its contention that mandamus is unavailable to compel issuance of a license or a permit where there is no right of appeal or constitutional violation alleged. Appellant does not allege that a vested property right is involved or that some constitutional right has been violated which would entitle her to a judicial review by means of appeal or by way of injunctive relief. She alleges only that the City Council acted in an arbitrary and unreasonable manner in refusing to issue the two emergency wrecker permits to her, and that its ruling constituted a clear abuse of its discretion. Although these allegations are general in nature, they are adequate to show the trial court's jurisdiction over the mandamus proceeding, especially since the appellant has no adequate remedy at law. *Cash v. City of Houston,* 426 S.W.2d 624 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

In a mandamus proceeding of this nature, the applicant bears a heavy burden, both in pleading and in proof. In order to prevail, the applicant must allege and prove a clear legal right to the performance of the particular duty sought to be enforced and a corresponding duty on the part of the official board to whom the writ is directed. *Pedroso v. DeWalt,* 340 S.W.2d 566 (Tex. Civ.App.—Waco 1960, no writ); *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138, 1151 (1939). Whether the appellant in the instant case is able to meet this burden against special exceptions or upon the merits is a question which we are not called upon to resolve.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.