Appellants’
and Appellees’ Motions for Rehearing Denied; Reversed and Remanded; Majority and
Dissenting Opinions of October 29, 2009, Withdrawn, and Majority and Dissenting Opinions on Rehearing filed January
28, 2010. 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00193-CV

____________

 

GREGORY R. MATTOX AND BARBARA WILKERSON, Appellants

 

V.

 

GRIMES COUNTY COMMISSIONERS COURT, BETTY SHIFLETT,
GRIMES COUNTY JUDGE, JOHN BERTLING, COUNTY COMMISSIONER PRECINCT 1, AND PAM
FINKE, COUNTY COMMISSIONER PRECINCT 4, Appellees

 



On Appeal from the 506th
District Court

Grimes County, Texas

Trial Court Cause No. 30919



 

M A J O R
I T Y   O P I N I O N  O N  R E H E A R I N G








We overrule appellants’ and appellees’ motions for rehearing,
vacate and withdraw our majority opinion and judgment dated October 29, 2009,
and issue this majority opinion on rehearing and judgment in their place.  Appellants,
Gregory R. Mattox and Barbara Wilkerson, appeal the trial court’s judgment
denying their petition for writ of mandamus to compel appellees, Grimes County
Commissioners Court, Betty Shiflett, John Bertling, and Pam Finke, to order the
cancellation of a roadway dedication.  In five issues, appellants argue that:
(1) the trial court erred by denying their petition for writ of mandamus; (2)
the affidavits attached to appellees’ motion for summary judgment were not
competent summary judgment evidence; (3) the trial court erred by denying
appellants’ motion for summary judgment; (4) the trial court erred by granting
appellees’ motion for summary judgment, and (5) the trial court erred by
denying appellants’ motion for sanctions.  We reverse and remand.

I. 
BACKGROUND

Appellants purchased lots 35 and 36 of the Hill Forest Manor
subdivision in May 2005.  The two adjoining lots were located in the southwest
corner of Hill Forest Manor.  After purchasing their lots, appellants learned
that a portion of an unpaved roadway dedicated as a county road encroached upon
their newly acquired property.  The dedicated county road, Hill Forest Lane,
ran across the southern border of Hill Forest Manor, and the last 134 feet on
the west part of Hill Forest Lane extended across appellants’ property. 
Appellants sought to cancel the dedication on the 134-foot portion of Hill
Forest Lane that extended onto their property by filing an application with the
commissioners court pursuant to chapter 232 of the Local Government Code.  

A. 
Proceedings Before Grimes County Commissioners Court








Section 232.008(e) of the Local Government Code mandates a
commissioners court to authorize cancellation of “a subdivision or any phase or
identifiable part of a subdivision, including a dedicated easement or roadway”
upon application by “the owners of 75 percent of the property included in the
subdivision, phase or identifiable part.”[1] 
Section 232.008(e) further provides that “if owners of at least 10 percent of
the property affected by the proposed cancellation file written objection to
the cancellation with the court, the grant of an order of cancellation is at
the discretion of the court.”[2]  After
appellants filed their application to cancel the dedication, proper notices were
filed, and a hearing was conducted before the commissioners court. 

At the hearing, appellants presented their application and
argued that cancellation was mandatory under section 232.008(e) because (1) the
134-foot portion of Hill Forest Lane sought to be cancelled was an “identifiable
part” of Hill Forest Manor for purposes of subsection (e), (2) appellants owned
100% of this identifiable part, (3) no written objection to the proposed
cancellation had been made by owners of at least 10% of the property to be
cancelled, and (4) the cancellation did not interfere with the established
rights of any owner in Hill Forest Manor. 

 In response, the county and counsel for Clifford and Eleanor
Jackson (collectively “the Jacksons”), adjoining landowners, argued that
cancellation was not mandatory, but discretionary under section 232.008(h).
Subsection (h) vests a commissioners court with discretion to grant or deny a
request to cancel a roadway dedication if “the cancellation will prevent the
proposed interconnection of infrastructure to pending or existing development.”[3] 
Relying on subsection (h), the Jacksons argued that they owned land immediately
outside of Hill Forest Manor, but adjoining appellants’ lots (“the Jackson
property”), and the proposed cancellation would affect any intended, pending,
and existing development on the Jackson property.  Specifically, the Jacksons
argued that they had prepared an unrecorded plat dividing their property into
various lots and had been selling those partitioned lots.  The Jacksons further
claimed that they intended to divide other parts of their property and sell
those partitioned parts in the future.  However, such development would be
vitiated by the proposed cancellation because Hill Forest Lane is the only road
that could provide adequate access to developments on the Jackson property. 
The only other access to the Jackson property was by way of a 36-foot-wide
easement, a path that was insufficient to accommodate access to any pending or
prospective developments on the Jackson property.       Appellants disputed the
applicability of subsection (h), contending that there was no evidence in the
county records of a pending or existing development on the Jackson property. 
Appellants further contended that the Jacksons had not sold any part of their
property since 1995. 

The county argued that Hill Forest Lane was a public road and
provided access to other residents.  Petitions signed by county residents
generally opposing “the closing of any county road” in Grimes County were
submitted to the commissioners court for consideration.  Additionally, a former
county commissioner and local resident both appeared before the commissioners
court and expressed their opposition to the proposed cancellation.  At the
close of the hearing, two of the four county commissioners and the county judge
voted to deny appellants’ application to cancel the road dedication.  The
county judge and two commissioners voting to deny the application are appellees
Betty Shiflett, John Bertling, and Pam Finke.  Subsequently, appellants
challenged the commissioners court’s act by filing a petition for writ of
mandamus with the district court.[4] 

B. 
Mandamus Proceeding Before the District Court 

In their petition for writ of mandamus, appellants asked the
trial court to order appellees to cancel the roadway dedication on the portion
of Hill Forest Lane that extended onto their property because the commissioners
court was required to do so under section 232.008(e).  Specifically, appellants
argued that they owned 100% of the portion of the roadway sought to be
cancelled, and no written objection by owners of at least 10% of the affected
property had been filed with the court.  Furthermore, appellants argued that
the exception under subsection (h) vesting a commissioners court with
discretion to deny an application to cancel a roadway dedication did not apply
because there were no proposals for interconnecting infrastructure to the
Jackson property and no pending or existing developments on the Jackson property. 
Appellants urged the trial court to grant their writ and mandamus the
commissioners court to order cancellation of the 134-foot portion of Hill
Forest Lane that encroached upon their property.

Appellees responded to the writ by general denial and, subsequently,
by amended answer.  In the amended answer, appellees specifically denied the
allegations set forth in appellants’ petition for writ of mandamus.  Appellees
contended that subsection (h) authorized the commissioners court to deny
appellants’ application to cancel Hill Forest Lane because (1) the proposed
cancellation would prevent an interconnection between Hill Forest Manor and the
Jackson property and (2) there was pending and existing development on the
Jackson property.  Thereafter, both parties moved for summary judgment,
primarily disputing the applicability of subsection (h).  Both parties
submitted affidavits supporting their position as to whether (1) there was a
proposed interconnection between Hill Forest Manor and the Jackson property and
(2) there was pending or existing development on the Jackson property.  The
trial court ultimately found in favor of appellees, denying appellants’ motion
for summary judgment and sanctions and granting appellees’ motion for summary judgment.


C. 
Issues on Appeal

On appeal, appellants challenge the trial court’s judgment in
favor of appellees.  In issues one, three, and four, appellants challenge the
applicability of subsection (h): whether there was competent summary judgment
evidence reflecting a proposed interconnection between Hill Forest Lane and
pending or existing development on the Jackson property.  In their second
issue, appellants contend that the affidavits attached to appellees’ summary
judgment motion were not competent summary judgment evidence.  In their fifth
issue, appellants contend that the trial court erred in denying their motion
for sanctions.

 

II. 
STANDARDS OF REVIEW

A. 
Summary Judgment

Appellants moved for summary judgment under rule 166a(c),
while appellees moved for summary judgment under both rule 166a(c) and rule
166a(i).  Traditional summary judgment under civil procedure rule 166a(c) is
proper only when a movant establishes that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640,
644 (Tex. 1995); Mayer v. Willowbrook Plaza Ltd. P’ship, 278 S.W.3d 901,
908 (Tex. App.CHouston [14th Dist.] 2009, no pet.).  In deciding whether there is a
disputed issue of material fact, every doubt must be resolved in favor of the
nonmovant, and evidence favorable to the nonmovant must be taken as true.  Fort
Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004).  

Under rule 166a(i), a party may move for summary judgment on
the ground that there is no evidence of one or more essential elements of a
claim or defense on which an adverse party would have the burden of proof at
trial.  See Tex. R. Civ. P. 166a(i); W. Invs., Inc., v. Urena,
162 S.W.3d 547, 550 (Tex. 2005).  To defeat a no-evidence motion for summary
judgment, the nonmovant must produce summary judgment evidence raising a
genuine issue of material fact.  Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 600 (Tex. 2004); McInnis v. Mallia, 261 S.W.3d 197, 202 (Tex. App.CHouston [14th Dist.] 2008, no pet.). 
A genuine issue of material fact exists if the evidence “rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions.”
 King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003) (quoting Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)).  If the
evidence does no more than create a mere surmise or suspicion of fact, less
than a scintilla of evidence exists, summary judgment is proper.  See id. (quoting
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)). 








When, as here, both parties move for summary judgment and the
trial court grants one motion and denies the other, we review the summary
judgment evidence presented by both sides, determine all questions presented,
and render the judgment the trial court should have rendered.  Tex. Worker’s
Comp. Comm’n v. Patient Advocates of Tex., 136 S.W.3d 643, 648 (Tex.
2004).  We must affirm a summary judgment if any of the summary judgment
grounds are meritorious.  Id.

B. 
Petition for Writ of Mandamus

In this case, appellants did not pursue a direct appeal from
the commissioners court’s decision to the district court.  Rather, appellants
filed an original proceeding in the trial court seeking a writ of mandamus
against the commissioners court and those who voted against appellants’
application to cancel the roadway dedication.  Generally, a party is entitled
to mandamus relief against a public official when there is (1) a legal duty to
perform a nondiscretionary act, (2) a demand for performance of that act, and
(3) a refusal to perform.  Anderson v. City of Seven Points, 806 S.W.2d
791, 793 (Tex. 1991); Sheppard v. Thomas, 101 S.W.3d 577, 581 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied).  An act is nondiscretionary, or
ministerial, when the law clearly spells out the duty to be performed by the
official with sufficient certainty that nothing is left to the exercise of
discretion.[5]  Anderson,
806 S.W.2d at 793; Sheppard, 101 S.W.3d at 581; Harris County v.
Walsweer, 930 S.W.2d 659, 667–68 (Tex. App.CHouston [1st Dist.] 1996, writ
denied).  The burden is upon the petitioner to negate by affirmative allegation
and prove every fact or condition which would have authorized the public
official to take action sought to be enforced upon him.  Wortham v. Walker,
133 Tex. 255, 128 S.W.2d 1138, 1151 (1939); Rash v. City Council of City of
Houston, 557 S.W.2d 324, 326 (Tex. Civ. App.CHouston [1st Dist.] 1977, writ ref=d n.r.e.).  

On rehearing, appellees argue that we applied the wrong
standard of review, namely, that we “improperly concluded that the trial
court’s review of the [commissioners court’s]
action is subject to a sufficiency standard[,] which requires that the
commissioners (sic) court prove that the evidence preponderates in favor of its
decision.”  According to appellees, “[t]he proper standard of review, which was
employed by the trial court, is whether the commissioners court abused its
discretion, and the burden of proving such lies on [a]ppellants.”  Appellees urge
that we reexamine this case applying the standard of review that the Austin
court applied in Griffin v. Birkman.  266 S.W.3d 189, 197 (Tex.
App.—Austin 2005, pet. denied).  

In Griffin, a constable directly appealed a
commissioners court’s budgetary decision by filing a declaratory judgment
action in the district court.  In reviewing the constable’s direct appeal, the Austin
court cited and applied a hybrid standard of review: “whether the trial court
had sufficient information upon which to exercise its discretion by making a
decision that was arbitrary or unreasonable based on the evidence elicited[,]”
or “stated [another way], the order is reviewed to determine whether it is arbitrary,
capricious, unsupported by substantial evidence or that the court has acted
beyond its jurisdiction.”  Id.  Procedurally, Griffin involved a
direct appeal of a commissioners court’s budgetary decision by the filing of a
declaratory judgment action in the district court.  In contrast, appellants in
the instant case invoked the district court’s original proceeding jurisdiction
by filing a petition for writ of mandamus.  See Tex. Const. art. V, § 8;
Tex. Gov’t Code § 24.011 (the district court may “grant writs of mandamus . . .
and all other writs necessary to the enforcement of the trial court’s
jurisdiction”); see also Sheppard, 101 S.W.3d at 581 (acknowledging that
“section 24.011 represents the sole authority vesting a district
court with the authority to conduct a mandamus proceeding against a public
official”) (emphasis added).  “A writ of mandamus will issue to compel a public
official to perform a ministerial act.” Anderson, 806 S.W.2d at 793–94. 
The district court in Griffin was not petitioned to mandamus a public
official to perform a ministerial act.  By appellants invoking the trial
court’s original proceeding jurisdiction in this case, the trial court was
required to determine whether a public official—the commissioners court—had
refused to perform a ministerial act—denying appellants’ petition for
cancellation under the Local Government Code.  See id.; Sheppard,
101 S.W.3d at 581–82.  The standard of review in Griffin obtains only when
an act sought to be ordered is discretionary and is pursued in an action other
than a mandamus proceeding.  Therefore, that standard of review is not
appropriate in the instant case. 

Furthermore, appellees confuse a petitioner’s
burden in a mandamus proceeding with a movant’s burden in a summary judgment.  In
petitioning for mandamus relief, appellants had the burden of proof at trial to
show that the act in question was a ministerial act, warranting mandamus
relief.  Wortham, 128 S.W.2d at 1151; Rash, 557 S.W.2d at 326. 
However, by affirmatively moving for summary judgment, appellees had to prove
as a matter of law that they were entitled to summary judgment relief.  See
Tex. R. Civ. P. 166a(c), (i).  In this case, appellees assumed the burden of
proof that, as a matter of law, their act was discretionary.

Appellees also confuse the standard of review in a mandamus
proceeding with the standard of review in a summary judgment.  We realize that
the posture of the case is uncommon, reviewing a trial court’s summary judgment
denying a petition for writ of mandamus.  Essentially, the trial court’s
summary judgment was based on its conclusion that (1) the public official’s act
in question was discretionary as a matter of law and (2) appellants had failed
to produce evidence raising a genuine issue of material fact as to whether the
act was ministerial, in which case mandamus relief would be warranted.  We find
the Texas Supreme Court’s decision in Anderson persuasive and
controlling on the standard-of-review question.  

In Anderson, citizens of the
City of Seven Points filed a petition requesting that the city’s mayor order an
election on the question of abolishing the corporate existence of the city.  “The
petition requesting that the mayor order . . . an election was filed pursuant
to section 62.002 of the Texas Local Government Code which states: The mayor of
the municipality shall order an election on the question of abolishing the
corporate existence  . . . if a majority of the qualified voters of the
municipality is less than 400 [and] the petition [is] signed by at least
two-thirds of the qualified voters of the municipality.”  Anderson, 806
S.W.2d at 793 (emphasis in original).  After the mayor refused to order the
election, a group of citizens filed a petition for writ of mandamus in district
court.  After a hearing on the merits, the trial court granted the petition for
writ of mandamus and ordered the mayor to order the election.  The court of
appeals reversed, concluding “the citizens failed to discharge their burden to
present evidence that demonstrated that the mayor’s refusal to grant the
petition and order the election was arbitrary and unreasonable.”  Id. 

In reviewing the trial court’s decision to mandamus the
mayor, the Texas Supreme Court reasoned that section 62.002 spelled out the act
to be performed by the mayor with “sufficient certainty so that nothing [was]
left to the exercise of discretion.”  Id.  Thus, once the “trial court
determined that a majority of the qualified voters was less than 400 and the
petition was signed by at least two-thirds of the qualified voters, the mayor
had no discretion; therefore, the act became ministerial and the trial court
was required to grant the petition for writ of mandamus and order an election
on the question of abolishing the city’s corporate existence.”  Id. at
793–94.  The Court then determined whether “the evidence [was] legally
sufficient to support the trial court’s finding that the petition was signed by
at least two-thirds of the qualified voters.”  Id. at 794.  

Similar to the trial court in Anderson, the lower
court in this case had to decide whether there was sufficient evidence of (1) a
proposed interconnection between Hill Forest Manor and the Jackson property and
(2) a pending or existing development on the Jackson property, because such
evidence determined whether the act was ministerial.  Following the Texas
Supreme Court’s decision in Anderson, we conclude that the issue on
appeal is not whether the commissioners court abused its discretion in denying
appellants’ petition for cancellation, but whether the evidence established as
a matter of law that the act in question—granting the petition for cancellation—was
discretionary, as opposed to ministerial.  See id. at 793; see also
Sheppard, 101 S.W.3d at 581–83.  Thus, if section 232.008(e) is
controlling, the commissioners court had no discretionary authority to deny the
petition, because appellants established its criteria as a matter of law.  In
contrast, if section 232.008(h) applies, trumping subsection (e), the
commissioners court had discretion to deny the petition.  The trial court
properly granted summary judgment in favor of appellees only if appellees
established as a matter of law that section 232.008(h) applies.  There must be
no genuine issue of material fact concerning the existence of authoritative
criteria under section (h).  The trial court should have granted appellant’s
motion for summary judgment only if appellants had established as a matter of
law that section 232.008(e) was controlling.[6] 


III. 
ANALYSIS

Appellants first argue that mandamus should be granted
exclusively on appellees’ failure to file a verified response to the petition
for writ of mandamus.  After appellants filed their petition with the trial
court, appellees filed a general unverified denial and, later, an amended
verified answer specifically denying the petition’s allegations.  Appellants
argue that because appellees failed to file a verified response, we must take
the allegations in the petition as true and grant mandamus based exclusively on
appellees’ failure to file a verified response.  See Patton v. Terrell,
101 Tex. 221, 105 S.W.1115, 1116 (1907); Sansom v. Mercer, 68 Tex. 488,
5 S.W. 62, 65–66 (1887).  Contrary to appellants’ assertions, appellees
disputed the petition’s allegations with a verified amended
answer specifically contesting the allegations set for in the petition.
Accordingly, we find that appellants are not entitled to mandamus relief on
this basis.

A. 
Section 232.008(e) 

Section 232.008(e) mandates a commissioners court to order the
cancellation of “a subdivision or any phase or identifiable part of a
subdivision, including a dedicated easement or roadway” upon application by “the
owners of 75 percent of the property included in the subdivision, phase or
identifiable part.”  Tex. Loc. Gov’t Code § 232.008(e).  However, “if owners of
at least 10 percent of the property affected by the proposed cancellation file
written objection to the cancellation with the court, the grant of an order of
cancellation is at the discretion of the court.”  Id.  Accordingly, if
an applicant shows that he is the owner of at least 75% of the property to be
cancelled and no written objection is filed with the court by owners of at
least 10% of the property affected by the proposed cancellation, the act of cancellation
is ministerial, leaving nothing to the exercise of discretion by the
commissioners court.  See id.; see also Anderson, 806 S.W.2d at
793.

In the sworn application for cancellation, the petition for
writ of mandamus, and appellants’ sworn affidavits, appellants averred that the
134 feet of Hill Forest Lane sought to be cancelled lay wholly within their two
lots; thus, they owned 100% of the identifiable part sought to be cancelled. 
Furthermore, appellants averred that because they owned 100% of the property to
be cancelled, no written objection by owners of at least 10% of the same
property could be filed with the court and indeed had not been filed. 
Appellees do not dispute appellants’ evidence supporting the subsection (e)
requirements, which generally would render the act of cancellation ministerial. 
Instead, appellees argue that the commissioners court’s determination is a
discretionary act under subsection (h), trumping subsection (e). 

B. 
Applicability of Section 232.008(h)[7]

Section 232.008(h) provides that “[t]he commissioners court may deny a
cancellation under this section if the commissioners court determines the
cancellation will prevent the proposed interconnection of infrastructure to
pending or existing development.”  Tex. Loc. Gov’t Code § 232.008(h).  The
parties dispute whether the cancellation will prevent a proposed
interconnecting infrastructure from Hill Forest Manor to the Jackson property
and whether there is a pending or existing development on the Jackson property.
      1.  Proposed Interconnection

Appellants request that we define “proposed interconnection”
as “a proposal or a proffer to another party, in this case” the county
commissioners court.  We reject this interpretation of “proposed
interconnection.”  We review the statutory construction of the term “proposed
interconnection” under a de novo standard.  See Bragg v. Edwards
Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002).  In construing statutory
provisions, our objective is to determine and give effect to the legislature’s
intent.  Nat’l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527
(Tex. 2000).  We assume that the legislature tried to say what it meant;
therefore, its words should be the surest guide to its intent.  Segal v
Emmes Capital, L.L.C., 155 S.W.3d 267, 286 (Tex. App.—Houston [1st Dist.]
2004, pet. dism’d).  If the meaning of the statutory language is unambiguous,
we will adopt the interpretation supported by the plain meaning of the
provision’s words.  St. Luke’s Episcopal Hosp. v. Agbor, 952 S.W.2d 503,
505 (Tex. 1997).  We must not engage in forced or strained construction;
instead we yield to the plain sense of the words the legislature chose.  See
id.

The unambiguous meaning of proposed is to “intend,” “suppose,”
or “to offer for consideration, discussion, acceptance, or adoption.”  See
Webster’s Third New Int’l Dictionary
1819 (1993).  Thus, the plain language of subsection (h) requires a showing of
an (1) infrastructure that is intended to be used as the interconnection
or (2) interconnection offered for consideration as the interconnecting
infrastructure.    Contrary to appellants’ argument, the plain unambiguous
language of subsection (h) does not require that the “proposed interconnection”
be formally dedicated by or filed or platted with the county.  Moreover, the
plain unambiguous language of subsection (h) does not require that the “proposed
interconnection” be recently dedicated or platted.  We conclude that the
plain unambiguous meaning of “proposed interconnection” under subsection (h) is
infrastructure that is intended to be used as the interconnection or an
interconnection offered for consideration as the interconnecting
infrastructure. 








With respect to the evidence produced on the proposed
interconnection between Hill Forest Manor and the Jackson property, appellants
relied on the affidavit of County Commissioner Bill Pendley, who voted to grant
appellants’ application for cancellation.  Pendley indicated that there was “no
proposal pending before the Commissioners Court with regard to making an
interconnection between the Jackson property and Hill Forest Manor.” 
Appellants also argue that no proposals or plats had been filed for an interconnecting
infrastructure between Hill Forest Manor and the Jackson property. 

 Disputing appellants’ evidence, appellees submitted the
minutes and transcript from the hearing before the commissioners court,
together with the affidavits of Betty Shiflett, John Bertling, and Pam Finke. 
The hearing minutes and transcript reflect that Hill Forest Manor was platted
with the “intent to leave a road that could” be used to access the Jackson
property and that “Hill Forest Lane was platted up to the Jackson property with
this in mind.” Appellees argue that because Hill Forest Lane was originally
platted up to the Jackson property, in part, to provide access to the Jackson
property, Hill Forest Lane is the proposed interconnection between Hill Forest
Manor and the Jackson property and that cancelling the last 134 feet of Hill
Forest Lane connecting Hill Forest Manor to the Jackson property would prevent
interconnection between the properties.  

We find that the Pendley affidavit and the hearing minutes
and transcript submitted by the parties create a genuine issue of material fact
as to whether there is a proposed interconnection of infrastructure between
Hill Forest Manor and the Jackson property, namely, whether Hill Forest Lane, a
platted county road, is a “proposed interconnection of infrastructure” between
Hill Forest Lane and the Jackson property and whether cancellation of the last
134 feet of Hill Forest Lane would prevent that proposed interconnection. 
Having found a genuine issue of material fact on the first subsection (h)
requirement, we now turn to the second requirement.








2. 
Pending or Existing Development

Appellants also rely on the Pendley affidavit to support
their contention that there was no pending or existing development on the
Jackson property.  Pendley attested in his affidavit that there was “no
subdivision or development of any kind” on the Jackson property and Clifford
Jackson told Pendley that he, Clifford Jackson, “was not going to develop his
land because he was too old, [but] . . . wanted to keep the option open.”  

Appellees attempt to dispute appellants’ evidence by
asserting an intent to develop the Jackson property.  Appellees also cite to
portions of the hearing transcript presenting evidence of a pending or existing
development on the property.  The cited portions of the transcript reflect that
the Jacksons had prepared unrecorded plats dividing their land into separate
tracts and that they had been selling those partitioned tracts.  We find that
this evidence compared with the Pendley affidavit creates a genuine issue of
material fact as to whether there is a pending or existing development on the
Jackson property.  Because there are genuine issues of material fact as to
whether subsection (h) applies, neither party is entitled to summary judgment. 


The evidence submitted for summary judgment does not
conclusively prove that subsection (e) is controlling over subsection (h). 
Appellants, therefore, did not meet their burden of proof and were not entitled
to mandamus as a matter of law.  Accordingly, we overrule appellants’ first and
third issues.  Moreover, appellees were not entitled to summary judgment
because genuine issues of material fact precluded such relief.  The evidence
reflects a factual dispute as to whether subsection (h) applies, which
ultimately determines whether appellants are entitled to mandamus relief
against appellees.   Accordingly, we sustain appellants’ fourth issue.[8]


C. 
Motion for Sanctions

    In their last issue, appellants argue that the trial
court erred in denying their motion for sanctions.  Below, appellants filed a
motion for sanctions against appellees and county attorney Jon C. Fultz,
asserting multiple grounds, including filing groundless pleadings for improper
purposes and in bad faith and making false and misleading representations to
the court.  Appellants requested sanctions pursuant to Rule 13 of the Texas
Rules of Civil Procedure and section 10.001 of the Texas Civil Practice and
Remedies Code.  See Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code §10.001.


A trial court’s ruling on a motion for sanctions is reviewed
under an abuse-of- discretion standard.  Cire v. Cummings, 134 S.W.3d
835, 838 (Tex. 2004).  The test for abuse of discretion is not whether, in the
opinion of the reviewing court, the facts present an appropriate case for the
trial courts action, but whether the court acted without reference to any
guiding rules and principles.  Id. at 838–39.  Civil procedure rule 13
authorizes sanctions against an attorney, a represented party, or both if the
evidence establishes a pleading is either (1) groundless and brought in bad
faith, or (2) groundless and brought to harass.  Tex. R. Civ. P. 13.  Groundless
“means no basis in law or fact and not warranted by good faith argument for the
extension, modification, or reversal of existing law.”  Id.  

Sanctions under chapter 10 of the Civil Practice and Remedies
Code are authorized if the evidence establishes that (1) a pleading or motion
was brought for an improper purpose, (2) there were no grounds for legal
arguments advanced, or (3) a factual allegation or denial lacked evidentiary
support.  Tex. Civ. Prac. & Rem. Code § 10.001.  Furthermore, we must
presume that the challenged pleadings were filed in good faith.  Low v.
Henry, 221 S.W.3d 609, 614 (Tex. 2007); Thottumkal v. McDougal, 251
S.W.3d 715, 718 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).  The party
seeking sanctions bears the burden of overcoming the presumption of good faith
in the filing of pleadings.  Low, 221 S.W.3d at 614. 








Appellants sought sanctions based primarily upon their belief
that appellees filed pleadings and affidavits containing false and misleading
statements.  Appellants also argue on appeal that they were entitled to
sanctions against appellees because appellees did not respond to their motion
for sanctions.  The motion filed with the trial court sought sanctions for
appellants’ belief that the pleadings and affidavits asserted false and
misleading statements.  However, those beliefs were not supported by sufficient
evidence.  Although appellants accompanied their sanctions motion with
exhibits, the evidence did not establish that appellees knowingly filed
pleadings with false or misleading statements or knowingly filed false
affidavits.  The sanctions evidence simply controverts appellees’ position in
the mandamus proceeding.  Appellees’ motion essentially sought sanctions for
their disagreement with the factual and legal assertions made by appellees,
which does not warrant sanctions.  Therefore, we cannot conclude on the record
before us that appellees’ claims, pleadings, or evidence had no basis in law or
fact or that the pleadings were not supported by a good faith argument. 
Further, we cannot conclude that appellees acted in bad faith or for the
purpose of harassment or for any improper purpose in attempting to defend
against appellants’ petition for writ of mandamus.  Accordingly, the trial
court did not abuse its discretion in denying appellants’ request for
sanctions.  We overrule appellants’ fifth issue.

IV. 
CONCLUSION

We overrule appellants’ first, second, third, and fifth
issues.  Further, we sustain appellants’ fourth issue, reverse the summary
judgment in favor of appellees, and remand to the trial court for further
proceedings consistent with this opinion.

 

 

/s/                    Adele
Hedges

Chief Justice

 

 

Panel
consists of Chief Justice Hedges and Justices Yates and Frost.  (Frost, J.
dissenting).









[1]  See Tex. Loc. Gov’t Code § 232.008(e).





[2]  See id.





[3]  Id. § 232.008(h).





[4]  District courts have original proceeding
jurisdiction to review and issue writs of mandamus against a commissioners
court.  See Tex. Const. art. V, § 8; Tex. Gov’t Code 24.011; see also
Sheppard v. Thomas, 101 S.W.3d 577, 580–81 (Tex. App.—Houston [1st Dist.]
2003, pet. denied).     





                [5] The
Texas Supreme Court has recognized an exception, however, which authorizes
mandamus relief in cases involving a discretionary act: “a writ of mandamus may
issue in a proper case to correct a clear abuse of discretion by a public
official.”  Anderson, 806 S.W.2d at 793.    





[6] We also
note that appellants, by petitioning for mandamus relief, had the burden of
proof at trial.  Wortham, 128 S.W.2d at 1151; Rash, 557 S.W.2d at
326.  However, appellees, by affirmatively moving for summary judgment, had to
prove as a matter of law that they were entitled to summary judgment relief.





[7]  Subsection (h) applies only to land subdivided or
plats filed on or after its effective date of September 1, 1999.  See Act
of May 5, 1999, 76th Leg., R.S., ch. 129,  § 8, secs. 7, 10, 1999 Tex. Gen.
Laws 574, 578.  Because neither party challenges the applicability of
subsection (h) on the basis of its September effective date, we do not review
the applicability of subsection (h) on this ground.





[8]  In their second issue, appellants challenge the
affidavits of Betty Shiflett, John Bertling, and Pam Finke on the basis that
they contain conclusory statements.  Having found that the hearing transcript
alone, which is not challenged on appeal and is relied upon by both parties,
creates a genuine issue of material fact and, thus, precludes summary judgment
for either party, we need not address the propriety of the affidavits submitted
by appellees.  See City of Brownsville v. Alvarado, 897 S.W.2d 750,
753–55 (Tex. 1995) (concluding that successful evidentiary challenge requires a
showing that the judgment turned on the complained-of evidence).  Accordingly,
we overrule issue two.